DAVID L. LEVY, PROSECUTOR, v. FRANK I. ACKERMAN, SUPERVISOR OF BUILDINGS OF THE CITY OF PASSAIC AND CITY OF PASSAIC, DEFENDANTS.

Submitted January 16, 1945—Decided May 15, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *John O. McGuire* (*Nicholas A. Carella,* of counsel).

For the defendants, *Thomas E. Duffy,* city counsel (*Irving L. Werksman,* of counsel).

PER CURIAM.

*Certiorari* was allowed to review a judgment of the Passaic County Court of Common Pleas affirming a judgment of the Passaic Police Court which adjudged the prosecutor guilty of violating a provision of the zoning ordinance of the City of Passaic. The prosecutor owns a sixteen room house in District "A" an area which, by the provisions of the ordinance, is reserved for single family dwelling use. His offense arose

out of renting rooms and apartments to roomers and several families without obtaining the required occupancy permit. The prosecutor took possession of the premises in July, 1936. From that time on he rented rooms to lodgers. In June, 1943, the dwelling was greatly damaged by fire and prosecutor repaired and redecorated the place. When the prosecutor took over the house in 1936 he represented to the building department of Passaic that the dwelling would be used as a one-family house. He made the same representation in 1943, to wit, on July 2d, 1943, and again on August 2d, 1943, after the fire damage had been repaired. These representations were false and amounted to fraud on the applicant's part.

On this appeal it is conceded by the prosecutor that his use of the premises is at variance with the provisions of the 1940 ordinance. Notwithstanding that, it is argued that the non-conforming use which theretofore he made of the premises may be continued, relying on the statute, *R. S.* 40:55–48. He points out that under the 1922 zoning ordinance he was permitted to use the premises for one family and roomers as well. But it was found that the prosecutor not only rented rooms to individuals but that part of the house was let to a second family. This use was not permitted by either the ordinance of 1922 or of 1940.

On September 21st, 1943, prosecutor applied to the building department for a permit which would authorize the use of the house by twelve families. This was denied by the building inspector and an appeal for like relief was denied by the Zoning Board. Apparently review by *certiorari* was not sought.

The record indicates that the use made of the premises by the prosecutor was unlawful from the beginning. He acquires no advantage from the non-conforming use previously enjoyed where it appears, as here, that such use was surreptitiously and fraudulently effected. The ordinance of 1940 requires that an occupancy permit be obtained after a building has been completed or has, as here, been altered. This (a permit approving occupancy of the premises by twelve families) the prosecutor was not able to obtain. The rejection of that application is not before us. There is no merit to the only

point seriously argued on this appeal—that prosecutor should be permitted to continue a non-conforming use.

There will be judgment for the defendants.

The writ is dismissed, with costs.