Olive CLOUSER and Diversified Oil Investments, Inc., a Corporation, Plaintiffs in Error,

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 40019.

Supreme Court of Oklahoma.

May 12, 1964.

As Amended July 7, 1964.

Rehearing Denied July 7, 1964.

———◆———

White & Fry, by William L. Fry, Wichita, Kan., for plaintiffs in error.

John M. Luttrell, Norman, William F. Collins, Jr., Oklahoma City, for defendant in error.

JOHNSON, Justice.

On March 10, 1959, the governing body of the City of Norman, Oklahoma, defendant in error, enacted Ordinance No. 1132 annexing four tracts of land to the city, with a zoning classification thereon. The plaintiff in error Clouser owned ten acres involved in Tract No. 3 described in such ordinance.

Prior to the passage of Ordinance No. 1132 there had been enacted as a part of the code of the city, Sec. 441, which reads as follows:

"Section 44. The zoning classification of all land areas annexed to the City of Norman should be made a part of the annexing ordinance or passed by separate ordinance at the time of passage of the annexing ordinance.

"In the event no zoning classification is made of any annexed territory then that area shall be and is classified as R-1 single family residential zone; provided however, that within a period of time not to exceed four (4) months after the date of passage of the annexing ordinance by the City Commission the Planning Commission shall study said area and recommend to the City Commission the zoning classification of said annexed area. Thereupon, the City Commission shall, after public hearing, classify all of said annexed area by placing it in one or more zones as established by this ordinance. (Ord. 884, Art. IV, Sec. 5.)"

Thereafter, and on July 11, 1959, the plaintiff in error Diversified purchased an oil and gas lease from Clouser. In September, 1959, the city enacted Ordinance No. 1164 prohibiting drilling for oil and gas in the city limits.

Subsequent thereto Diversified commenced an oil well on the Clouser tract and drilled to a depth of 4,000 feet when this action was begun by the City to secure an injunction against plaintiffs in error.

The defendants filed a joint answer to the plaintiff's petition in which it was pleaded that (a) the annexation ordinance was void and that plaintiff's tract was, therefore, not within city's corporate limits; that (b) since the tract was without the city's corporate limits, the ordinances relied upon by city were inapplicable; that (c) if the tract were properly annexed, the prohibitory ordinances were as to plaintiff and Diversified "arbitrary, capricious and unreasonable" and should, therefore, not be applied nor enforced.

Upon the issues thus joined, trial was had resulting in the granting of an injunction against the defendants in favor of the City.

In a logical consideration of the issues involved, these things should be considered in the order of their enactment and execution:

1. The provisions of the annexation ordinance as affected by Sec. 441 of the municipal code.

2. The zoning provision in the annexation ordinance.

3. The status of the municipal law at the time of the execution of the oil and gas lease.

4. The effect, if any, of the enactment of Ordinance 1164, mentioned supra.

These will be discussed in the order set out.

The first of these may be summarily disposed of for the reason that Section 441 contains the provision that it shall only be applied when the annexing ordinance contains no zoning classification. Ordinance No. 1132, the annexing ordinance, did contain a zoning classification; therefore, Section 441 has no bearing on this controversy.

In regard to the second consideration, Ordinance No. 1132, the annexation ordinance, contained the following provision:

"Sec. 3. Said lands are hereby placed in the R–1, Single Family Dwelling District of said City as defined in the Code of the City of Norman, Oklahoma."

The permitted uses as defined by the R–1 district do not include the drilling of an oil well.

We are thus directly confronted with the validity of this provision as applied to the Clouser tract herein.

As a preliminary to this consideration, we find the general rule set forth in 58 Am.Jur., Zoning, Sec. 21, pg. 953:

"In considering the validity of zoning laws, the courts must determine whether they are arbitrary or unreasonable in their conception or application, since the zoning power does not extend to unreasonable or arbitrary intermeddling with the private ownership of property. * * *"

In the case of Appeal of White, 287 Pa. 259, 134 A. 409, 53 A.L.R. 1215, the court said:

"There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary, or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety, and general welfare."

Again, in this same case the court said:

"If, after investigating, there is doubt as to whether the statute is enacted for a recognized police object, or if, conceding its purpose, its exercise goes too far, it then becomes the judicial duty to declare the given exercise of the police power invalid. * * *"

We believe the issue in this case is settled by the Oklahoma case of Beveridge v. Harper & Turner Oil Trust, 168 Okl. 609, 35 P.2d 435. In that case the city of Oklahoma City had been divided into zones. In the one involved, the drilling of an oil well had been prohibited, and the validity of this classification was attacked. We upheld the ordinance as to the particular location and then laid down the elements which entered into our determination. In connection with the facts, we said:

" * * *. The particular block in which the defendants in error propose to drill their well (block 9 of Durland addition) is in one of the thickly populated districts of the city; 36 houses are situated in the block. * * * Other blocks in the neighborhood adjacent to block 9 are quite similar thereto in all essential respects. Many residences are situated thereon and the area as a whole is thickly populated. * * *"

Later in the opinion in discussing zoning, we said:

" * * * it includes the power to prohibit the use of private property for that purpose when such use is inconsistent with the promotion of the public health, safety, morals, or general welfare of the community. * * *
" * * *

"All of the well-considered cases, however, recognize that there is a limitation beyond which the power under consideration cannot be applied. * * * courts have carefully guarded their power to review the situation presented by each case for the purpose of determining the reasonableness of each particular application of the power, and

have repeatedly said that the legislation by which the restrictions are imposed must not be unreasonable or arbitrary, or constitute an unequal exercise of the power. Marblehead Land Co. et al. v. City of Los Angeles, supra [9 Cir., 47 F.2d 528]; Village of Euclid, Ohio, et al. v. Ambler Realty Co., supra [272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303]; Anderson-Kerr, Inc., v. Van Meter et al., supra [162 Okl. 176, 19 P. 2d 1068]; Pacific Palisades Association v. City of Huntington Beach et al., 196 Cal. 211, 237 P. 538, 40 A.L.R. 782; In re Dawson et al., supra [136 Okl. 113, 277 P. 226]."

Coming now to the specific items stressed in that case as a reason for upholding the ordinance, let us compare them with the present case. We said the reasons for our holding in that case were as follows:

"* * * [I]n view of the density of the population in the area involved, the character of the improvements on the property, its proximity to other better improved property, the possible and probable effect of oil development on the area as it is now situated and its probable effect on the future growth and development of the city, * * *."

■ None of the elements which were controlling in the Beveridge case is present here. There was no dense population in the area. The only persons in the entire ten-acre tract were the Clouser family. The only improvements belonged to the Clousers. The center of this ten-acre tract is more than 300 feet from the edge of the tract. The development of this tract could not affect other areas nor could it affect the future development of the city. Therefore, under the facts and circumstances in this case and under the rule set out in the Beveridge case, supra, the validity of this pre-zoning as applied to the Clouser tract herein is unreasonable and arbitrary. We therefore hold this zoning ordinance to be arbitrary, unreasonable and void as to the Clouser tract as bearing no reasonable relation to the public health, safety, morals or general welfare. While said zoning ordinance may be generally valid for the purposes intended, it was invalid as applied to the Clouser tract. It therefore follows that there was no zoning ordinance in effect on the Clouser land at the date of the execution of the oil and gas lease.

For the same reasons set out above, the Ordinance No. 1164 forbidding drilling of an oil well, enacted on September 8, 1959, is also invalid as to the Clouser tract, it being definitely understood that the rulings herein contained are applicable only to this tract or others similarly situated in all respects and are not to be construed as invalidating such ordinance as applied to all tracts which may be covered by such ordinances.

■ This ruling is sustained by the California case of Hagenburger et al. v. City of Los Angeles, 51 Cal.App.2d 161, 124 P.2d 345, where the first editorial headnote reads:

"When a city zoning ordinance establishing a residential district and permitting use of premises for specified purposes, but prohibiting use for other specified purposes is under attack, court need not consider the validity of the ordinance as a whole, but may direct the attack to the reasonableness of the enforcement of the ordinance against the particular property involved."

See also Behlen & Bros. v. Mayor, 31 N.J.Super. 30, 105 A.2d 894 and Taylor v. Haverford Tp., 299 Pa. 402, 149 A. 639.

Reversed with directions to dismiss the petition.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.