Jerry BOTCHLETT, Plaintiff in Error,

v.

The CITY OF BETHANY, Oklahoma, a Municipal Corporation, et al., Defendants in Error.

No. 41440.

Supreme Court of Oklahoma.

Feb. 22, 1966.

Rehearing Denied April 19, 1966.

Second Petition for Rehearing Denied July 5, 1966.

John H. Porter, Oklahoma City, for plaintiff in error.

Wilbert G. Smith, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

Plaintiff in error as plaintiff in each of two separate actions in the trial court filed his petition wherein he alleged that the City of Bethany and its co-defendants were interfering with his lawful use of his real property by continuous and harassing arrests for alleged violations of a city zoning ordinance; that the said ordinance is constitutionally invalid insofar as it attempts to restrict plaintiff's use of his property in conformity with the zoning of the area for single family residential use only; that plaintiff's use of his property for a contractor's storage yard has been continuous since 1955, ante-dating the effectiveness of the city ordinance; and that plaintiff has a vested interest in the continuation of his business on his property and is entitled to an injunction preventing defendants from imposing criminal charges or complaints against him for using his property in a manner not conforming to the zoning ordinance.

The two actions instituted by plaintiff were so similar in nature and parties that with consent of the parties they were by the trial court consolidated and tried as one case. At the conclusion of the evidence the trial court denied plaintiff's prayer for relief and, as prayed by defendants in their cross-petitions, enjoined the plaintiff from using his property as a storage yard for building materials.

As a part of its judgment, the trial court made findings of fact of effect that prior to plaintiff's purchase of the concerned property, zoning regulations had been enacted by the board of county commissioners which made plaintiff's subsequent use of the property for other than single family residence unlawful; that after plaintiff purchased the property he commenced using his back yard as a site for the storage of materials used in connection with his occupation as a masonry contractor and that he continued to so use the site up to the date of trial; that no action had been taken by the county to enforce the county zoning regulation; that the property, located within less than one mile of the former city limits, was annexed to the City of Bethany in January, 1963; that the City of Bethany had zoned the area for single family residences and the operation of a storage yard for building materials on plaintiff's property was contrary to the zoning ordinance of the City of Bethany (as well as that of Oklahoma County). The trial court also found that after the annexation the plaintiff had from time to time been arrested and charged in the Police Court of the City of Bethany with violating the zoning ordinance of the City of Bethany.

Plaintiff has appealed. In support of his contention that the trial court erred in enjoining and restraining his use of the property in the manner described, he urges that he was so using his property prior to the date of the effectiveness of the city ordinance and, therefore, is entitled to persist in

his non-conforming use; that from the date of the effectiveness of the ordinance to the date of the trial he had been arrested twenty-one times and charged with violating the city ordinance, which course of harassment ought to be ordered stopped since non-conforming use of property existing at the time of the effective date of a zoning ordinance or restriction may be continued, according to the general rule stated in McQuillin, Municipal Corporations, 3rd Ed., Vol. 8, ρ. 464, Sec. 25.180; that the zoning ordinance of the City of Bethany does not bear a relation to the public health, safety, morals, or general welfare, which this Court has said is essential to the power of a municipality to restrict an owner's use of his property. See Royal Baking Co. v. Oklahoma City, 182 Okl. 45, 75 P.2d 1105.

Plaintiff argues further, that to apply to his property the zoning restriction would be to impair a vested interest possessed by him in his usage of his property. 11 O.S.1961, § 1433, quoted by plaintiff in support of said contention, is part of a legislative enactment applicable to cities whose population is not less than 160,000 and is not persuasive since Bethany is not within such classification. Even if said section could be said to apply, the immediately preceding section of the enactment providing for a Board of Adjustment and appeals from the determinations of such Board would afford plaintiff a plain, adequate and speedy remedy at law, if he were entitled to relief, and therefore completely refutes a contention that 11 O.S.1961, § 1433 authorizes granting of the equitable relief plaintiff here seeks.

To refute the argument that the case of Royal Baking Company v. Oklahoma City, supra, has any controlling effect herein, defendants point out that by plaintiff's admission in a stipulation of the parties, contained in the record, he commenced operation of his business in violation of the existing county zoning ordinance to which we have referred. They say it was explained in the case of Application of Shadid, 205 Okl. 462, 238 P.2d 794, that Royal Baking Company v. Oklahoma City, supra,

is not controlling in circumstances such as are involved here.

It is true that the use of the property was the same afterward as that prior to the adoption of the city ordinance. Defendants note that McQuillin, quoted from by plaintiff, supra, also states at p. 369: "A non-conforming use of land or building entitled to protection against a zoning restriction is one that existed and was lawful when the restriction became effective and which has continued to exist since that time." They insist that, because of the prior effectiveness of Oklahoma County's zoning regulation, plaintiff's use of his property was in violation thereof at the time of its commencement and therefore not a true and lawful nonconforming use. Defendants cite Commonwealth of Pennsylvania v. Cieslak, 179 Pa.Super., 441, 115 A.2d 418; Arsenault v. City of Keene, 104 N.H. 356, 187 A.2d 60; Gross v. Allan, 37 N.J.Super. 262, 117 A.2d 275; and Levy v. Ackerman, 133 N.J.L. 69, 42 A.2d 372.

■ It is stated in 101 C.J.S. Zoning § 188, p. 945, in part as follows:

"A land owner acquires no advantage from a non-conforming use previously enjoyed where it appears that such use * * * was unlawful at the time the zoning regulation took effect. A use may be continued as a nonconforming use despite a subsequent zoning regulation forbidding such use where the use conformed to the zoning regulations in effect prior to such enactment, but not where such use was in violation of the prior zoning regulations."

19 O.S.1961 § 865.11 in pertinent part, reads as follows:

"The Board of County Commissioners are (sic) hearby empowered to adopt zoning regulations effective in the unincorporated areas of the county within five (5) miles of the county seat town and one (1) mile of the city limits of any incorporated municipality which has a City Planning Commission

within the City limits of any municipality which through its lawfully constituted governmental body requests that the County Planning Commission function within its city limits for the purposes of promoting the health, safety, peace, morals, comfort, and the general welfare of the inhabitants, to lessen danger and congestion in public transportation and travel, to secure safety from fire and other dangers, to prevent overcrowding of land, and to avoid undue concentration of population, to provide adequate police protection, transportation, water, sewerage, schools, parks, forests, recreational facilities, airports, military and naval facilities, and other public requirements and to prevent undue encroachment thereon. * * * "

19 O.S.1961 § 865.12 in part, reads:

"Zoning regulations are hereby defined as regulations restricting the height, number of stories and size of buildings, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land, for trade, industry, residence, recreation, or other purposes * * *."

■ It appears that the area in question was both within five miles of the county seat of Oklahoma County and within one mile of the limits of Bethany, which has a zoning commission. In Beveridge v. Harper & Turner, Oil Trust, 168 Okl. 609, 35 P.2d 435, this Court held:

"The right of an individual to use his property as he pleases is a qualified, as distinguished from an absolute, right. It is at all times subject to the authority of the state, under its police power, to fairly and reasonably restrict the use of such property to the end that the public health, safety, and welfare will be promoted and such uses of private property prevented as would injuriously affect the rights of others in the use and enjoyment of their property."

■ A property owner may acquire no vested right to use his property for a particular purpose freed from public control under the police power. 16 C.J.S. Constitutional Law § 239a, p. 1205; City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 272 P. 923; Federal Housing Administration v. Darlington, Inc., S.C., 358 U.S. 84, 79 S.Ct. 141, 3 L.Ed.2d 132, reh. den. 358 U.S. 937, 79 S.Ct. 310, 3 L.Ed.2d 311.

Plaintiff asserts that any pre-annexation zoning regulations promulgated by the Board of County Commissioners which sought to restrict the use of his land to a single family residential use are not applicable to him by reason of the rule announced in Clouser v. City of Norman, Okl., 393 P.2d 827, since such attempted restriction bore no reasonable relation to public health, morals or general welfare as is sought to be applied to the plaintiff's property. We do not agree. In Clouser, supra, we held the city's pre-zoning regulations forbidding the drilling of oil wells, as applied to the Clouser 10 acre tract, were without reasonable relation to public health, safety, morals, or general welfare since the area concerned none but the Clouser residence, the oil and gas lease ante-dated the ordinance and drilling had reached the depth of 4000 feet when suit was brought, and therefore were unreasonable and void where the drilling could not affect development of other areas of the city. Therefore, when the tract was annexed to the City of Norman, after execution of the oil and gas lease, its nonconformity of use was a lawful nonconformity.

■■ In the case at bar the opposite is shown. Plaintiff wholly failed to show invalidity of the county zoning regulation as it applied to his property. All plaintiff showed was that there were other residential properties in the annexed area that were also used in violation of the regulation without objection from any citizen or official. However, such fact is not persuasive for it is a rule of general acceptance that

the failure of municipal authorities to enforce a zoning ordinance against some violators does not preclude its enforcement against others. Moreover, the violations charged to others by plaintiff, concerned not the carrying on of businesses but merely the keeping of pets, a pig and ponies. Kansas City v. Wilhoit, Mo.App., 237 S.W.2d 919.

At page 440 of the 35 P.2d report of Beveridge v. Harper & Turner Oil Trust, supra, it is stated that although the courts jealously guard their authority to review the use of police power, "courts at all times recognize that their review is judicial in its character, and that the application of the police power to a particular situation is in the first instance a problem for the legislative branch of the government and that when the legislative branch has spoken in a particular case its expressed judgment on the subject should not be overridden by the judiciary unless the same is unreasonable, arbitrary, or constitutes an unequal exercise of police power. * * *" Thus, there is a presumption in favor of the validity of a municipal ordinance. That presumption had not been overcome, but persisted at the conclusion of the trial from which the present appeal arose.

During the pendency of this appeal the plaintiff sought an order of this Court directing defendants to desist from arresting him and from prosecuting him in the Police Court of the City of Bethany on some 247 charges of violating said City's zoning and related ordinances. While the prevention of a multiplicity of suits furnishes a well-recognized basis for the assumption and exercise of the power of equity to restrain acts injurious to property and civil rights, as a general rule, equity will not intervene merely upon the ground of prevention of a multiplicity of arrests. 28 Am. Jur., Injunctions, § 241. The mere alleged invalidity or unconstitutionality of an ordinance is not generally of itself sufficient to authorize equitable intervention in such cases, however, since the invalidity of the enactment or ordinance may be interposed

as, and constitute, a complete defense to the prosecution. We need not pass upon said motion to stay inasmuch as our decision on the merits of the appeal determines plaintiff to be entitled to no equitable relief.

We have examined this record and hold that the judgment of the trial court is thereby supported and is not clearly against the weight of the evidence. The decision of that court was not an abuse of discretion. We find no reversible error in the record.

Affirmed.