EDWARD H. FERRIS, APPELLANT, *v.* CITY OF LAS VEGAS, NEVADA, RESPONDENT.

No. 11908

December 29, 1980                                      620 P.2d 864

---

[1]The Governor designated the Honorable Michael Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

*James J. Brown,* Las Vegas, for Appellant.

*George F. Ogilvie,* City Attorney, and *Christopher G. Gellner,* Deputy City Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant owns two houses in an area zoned R-1 (residential). Since the early 1950's, appellant has used the driveway between the two houses as a means of ingress to and egress from his business, Ed Ferris Automotive Center. Appellant also has used the rear yards to park and store vehicles being serviced at his business. Pursuant to its zoning ordinances,[1] the city brought an action to enjoin appellant's alleged commercial uses of his R-1 property. The district court granted the injunction, and this appeal followed.

1. Appellant first contends that there is insufficient evidence to establish a zoning violation. This contention is based primarily on the city's failure to introduce into evidence a certified copy of the existing zoning ordinances.

This court will not disturb the finding of the lower court when it is supported by substantial evidence. Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979). In his answer to the city's complaint, appellant admitted that the houses are located in an R-1 zone. In addition, there is substantial evidence in the record to show that the property was used for commercial purposes. The use of property in a residential zone to gain vehicular access to business property is a commercial use in violation of zoning laws. *See* City and County of San Francisco v. Safeway Stores, 310 P.2d 68 (Cal.App. 1957); Angel v. Board of Adjustment of Twp. of Franklin, 262 A.2d 890 (N.J. Super.Ct.App.Div. 1970); City of Providence v. First National Stores, Inc., 210 A.2d 656 (R.I. 1965).

2. Appellant next contends that even if a zoning violation was established, he has a nonconforming use with respect to

---

[1]Las Vegas City Code (hereafter L.V.C.C.) 11-1-6(A)(7)(a) states that only vehicles owned by the permanent resident of residential property may be stored on the property. L.V.C.C. 11-1-11(A) lists permissible uses of R-1 property. Use as an entrance to business property is not one of the permitted uses.

the commercial activities on the property. A nonconforming use is a use which does not conform to the restriction governing a zoned area, but which lawfully existed at the time the ordinance went into effect. L.V.C.C. 11-1-7. Generally, zoning ordinances do not limit the right of a landowner to continue a nonconforming use in existence at the time of the adoption of the ordinance. Pederson v. County of Ormsby, 86 Nev. 895, 478 P.2d 152 (1970); State ex rel. Davie v. Coleman, 67 Nev. 636, 224 P.2d 309 (1958).

Appellant argues that he has a nonconforming use because he began his commercial use of the residential property prior to the enactment of the zoning ordinances under which the injunction was sought. Appellant's use of the driveway began in the early 1950's. L.V.C.C. 11-1-6(A) and 11(A) were enacted in 1960. However, predecessor ordinances classified the property as residential beginning in 1945. Thus, appellant's use was unlawful from the outset. A landowner acquires no advantage from a nonconforming use where it appears that such use was unlawful at the time the zoning regulation took effect. Botchlett v. City of Bethany, 416 P.2d 613 (Okla. 1966). The evidence in this case supports the finding that appellant did not have a nonconforming use. Pederson v. County of Ormsby, *supra*.

3. Appellant's final contention is that the city's action should have been barred by estoppel and laches. Appellant's commercial use began in the early 1950's. The city was notified of the violations in 1974. In 1975 and 1976 misdemeanor citations were issued to appellant. In 1977 the city brought this action for an injunction.

An injunction is a proper remedy where there is a zoning violation. L.V.C.C. 11-1-26(D); Smith v. City of Las Vegas, 80 Nev. 220, 391 P.2d 505 (1964). The granting, refusing or dissolving of injunctions is a matter of discretion. Coronet Homes, Inc. v. Mylan, 84 Nev. 435, 442 P.2d 901 (1968); *accord,* Shakey's Incorporated v. Martin, 430 P.2d 504 (Idaho 1967); South Shore Homes Ass'n v. Holland Holiday's, 549 P.2d 1035 (Kan. 1976); State Land Board v. Heuker, 548 P.2d 1323 (Or.App. 1976). The city took action against appellant soon after receiving notice of the zoning violations. We perceive no abuse of discretion in the district court's refusal to apply the doctrines of estoppel and laches in this case.

Affirmed.