James FERNHOFF, Plaintiff,

v.

TAHOE REGIONAL PLANNING AGENCY, Defendant.

No. CV–R–83–431–ECR.

United States District Court, D. Nevada.

Nov. 30, 1984.

James Fernhoff, in pro. per.

Louis R. Doescher and Susan E. Scholley, Carson City, Nev., for defendant.

## MEMORANDUM DECISION
## AND ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff initiated this action by filing a Petition for Writ of Mandamus in a Nevada State court. His prayer for relief asks for a declaration that Defendant (TRPA) has no jurisdiction over him and, therefore, is precluded from prohibiting the completion of his parcel development and roadway. Plaintiff, in the alternative, requests a writ of mandamus requiring TRPA to issue all permits necessary for the completion of the development project.

TRPA removed the case to this Court on the basis of federal question jurisdiction. It then moved to dismiss Plaintiff's Petition for failure to state a claim upon which relief can be granted. The motion was accompanied by a large quantity of documentary exhibits and the request that it be treated as a motion for summary judgment. Plaintiff's response in opposition to the motion also was accompanied by exhibits and a request that the motion be treated as one for summary judgment. Since both parties have presented matters outside the pleading and have asked the Court to treat the motion as being for a summary judgment, that is how it will be considered.

TRPA's points and authorities emphasize that the parcel map and the roadway both require approval, in that they constitute separate and distinct projects. There have been three lawsuits between Plaintiff and Douglas County involving the proposed development of his parcel, which is situate in that County and very close to Lake Tahoe. The first was a criminal action in which Plaintiff was charged with eight misdemeanors arising from the bulldozing of a roadway on his parcel to give access to the four building sites he proposed thereon. The complaint was filed May 18, 1978, and alleged violations of Nevada statutes, County Code sections and TRPA ordinances which regulate grading and the felling of trees. A justice court jury convicted

Plaintiff. On appeal, however, the conviction was reversed because a jury instruction that read, "All persons are presumed to intend the nature and consequences of their acts" was held to be violative of the Fourteenth Amendment.

The second lawsuit was a civil action commenced by the County against Plaintiff on May 19, 1978, in a Nevada district court. It asked injunctive relief prohibiting Plaintiff from doing any further grading or tree cutting and requiring him to take steps to minimize the erosion problems and fire hazards his activities had engendered. At a hearing on the County's request for a temporary restraining order, the parties entered into a stipulation. It provided that Plaintiff would do not further grading or tree cutting. Also, he agreed to install certain erosion control devices and to clear away dead and disturbed trees and brush at his own expense. The Court approved the stipulation and declared it to be a Court order. Subsequently the parties stipulated that said order should remain in effect until further order of the Court. The Court entered an order approving the latter stipulation on May 31, 1978. Nothing further happened in the case, however. Therefore, after notice, it was ordered dismissed on January 3, 1983.

The third lawsuit was initiated by Plaintiff by the filing of a petition for a writ of mandate in a Nevada district court on January 15, 1981. Douglas County and several of its departments and commissions were named as defendants. It asked for a writ commanding the granting of all approvals and permits necessary for Plaintiff to commence construction of his development project. On June 23, 1981, the defendants' motion to dismiss, for failure to exhaust administrative remedies, was denied. Then, on March 7, 1983, a written stipulation was filed. It reads, in pertinent part, as follows:

"COME NOW the parties above-named, by and through their respective counsel, and hereby stipulate as follows:

1. That Petitioner appeared before the Douglas County Board of Commissioners on September 9, 1982, at which time the Douglas County Board of Commissioners approved the parcel map at issue in this matter subject to the following conditions and findings:

a) That Petitioner provide improvement plans to Douglas County, Nevada;

b) That Petitioner obtain an administrative permit from the Tahoe Regional Planning Agency for environmental impacts due to the construction of the road in issue, prior to Douglas County issuing its construction permit for the road serving the individual lots;

c) That Petitioner must either complete construction of the road serving the individual lots or provide a letter of credit prior to recordation of the parcel map; and

d) That the parcel map was preliminarily approved by the Douglas County Planning Commission on December 29, 1977, subject *inter alia*, to subsequent review and approval by the Douglas County Board of Commissioners.

2. That this matter is dismissed with prejudice.

3. That each of the parties shall be responsible for their own costs and fees."

The Court, by Order filed March 22, 1983, ratified and confirmed the stipulation and ordered the parties to abide by the terms thereof.

By letter dated June 28, 1983, TRPA advised Plaintiff that its Land Use Ordinance 81-5 prohibited construction of the road, therefore it could not accept and process his application for an administrative permit. Said Ordinance had been adopted in November 1982.

The instant action was commenced October 26, 1983. Plaintiff's position is that his parcel map had been conditionally approved by Douglas County on December 29, 1977. At the time, the law was that TRPA was deemed to have approved the County's action if it didn't act within sixty days after submission of a report of the County's action. No action was taken within the sixty-

day period by TRPA. Plaintiff argues that he thereby acquired a vested right to complete the project, which right may not be taken away by a subsequently enacted ordinance. He contends that he attempted fully to comply with the conditions but was thwarted by his arrest for bulldozing the roadway.

TRPA points out that, even as to a permit that became final without any action by it, its Ordinance specified that it retained the right to bring judicial action to enforce the provisions of the Ordinance. Further, TRPA argues that the bi-state compact under which it was created was amended in 1980 to require its approval of roads. Also, a September 26, 1980, letter from TRPA to Plaintiff directed him to recontour and revegetate the road he had bulldozed so as to restore the land to its original condition. The directive was in connection with TRPA's denial of Plaintiff's request for a variance from land coverage restrictions that made the road impermissible.

Plaintiff's reliance on the County's conditional approval of his parcel map was based on his own mistake, according to TRPA. The roadway required a grading permit that was distinct from parcel map approval, it argues.

■ State law determines the validity of local permit issuance. *California Tahoe Regional Planning Agcy. v. Jennings*, 594 F.2d 181, 191 (9th Cir.1979). Plaintiff's basic premise is that the expenditures he incurred in reliance on Douglas County's conditional approval of his parcel map created a vested right in him to complete the whole development project. The rule in Nevada is that even the issuance of a building permit does not confer a vested right "unless zoning or use approvals are not subject to further governmental discretionary actions affecting project commencement." *Board of County Com'rs v. CMC of Nevada, Inc.*, 99 Nev. 739, 670 P.2d 102, 107 (1983); *see also Russian Hill Imp. Ass'n v. Board of Permit Appeals*, 66 Cal.2d 34, 56 Cal.Rptr. 672, 676, 423 P.2d 824, 828 n. 11 (1967).

Even before the 1980 amendments to the bi-state compact, TRPA had the right to compel a county to vacate its approval of a parcel map where TRPA's ordinances were violated by the proposed project. *See County of Douglas v. Tahoe Regional Planning Agency*, 95 Nev. 101, 590 P.2d 160 (1979). Douglas County's approval of Plaintiff's parcel map was conditional. The application for a permit does not create a vested right in the applicant even if the project conforms to existing zoning and use regulations. *Contra Costa Theatre, Inc. v. City of Concord*, 511 F.Supp. 87, 89 (N.D.Cal.1980). Even if TRPA's failure to act within sixty days after being advised of Douglas County's action would constitute default approval, the County's issuance of a permit would not be immunized from judicial review. *California Tahoe Regional Planning Agcy. v. Jennings*, at 594 F.2d 189.

A writ in the nature of mandamus would not be appropriate here, because Plaintiff has neither a valid permit nor a vested right to complete his development project. *See Board of County Com'rs v. CMC of Nevada, Inc.*, at 670 P.2d 108.

■ Plaintiff seeks to invoke equitable estoppel because the purported default approval of TRPA caused him to rely on the County's conditional approval. The shortness of time between his bulldozing of the road and his arrest (three or four days) refutes any contention that the authorities' inaction created a reasonable belief in Plaintiff that he was permitted to construct a road. *See Ferris v. City of Las Vegas*, 96 Nev. 912, 620 P.2d 864, 866 (1980). He also contends that the doctrines of res judicata, collateral estoppel and double jeopardy require that the necessary permits issue, in light of the dismissals of both the County's criminal and civil actions against him. It is not necessary to decide if there was privity between Douglas County and TRPA, because the merits of the issues he has raised herein were not litigated and no final judgment on the merits in his favor was obtained. As to the criminal case, the successful appeal of his conviction was

based on an erroneous jury instruction. The reversal did not establish that he was not in violation of the grading and tree felling statutes, code sections and ordinances. Neither double jeopardy nor res judicata will avail him in such circumstances. *See United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978). Nor was there a final judgment on the merits in the civil action. Therefore, neither res judicata nor collateral estoppel is applicable. *Paradise Palms Community Ass'n v. Paradise Homes*, 89 Nev. 27, 505 P.2d 596, 599 (1973). A consent judgment unaccompanied by any evidence demonstrating that the court actually determined the issues is not entitled to collateral estoppel effect. *United States v. International Building Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953). Such was the case in the third lawsuit between Plaintiff and Douglas County.

IT IS, THEREFORE, HEREBY ORDERED that summary judgment be entered in favor of defendant Tahoe Regional Planning Agency dismissing the action against it.