James FERNHOFF, Plaintiff-Appellant,

v.

**TAHOE REGIONAL PLANNING AGENCY and Does I–XX, Defendants-Appellees.**

**No. CV–R–83–431–ECR.**

United States District Court, D. Nevada.

Oct. 22, 1985.

James Fernhoff, in pro per.

Heaton, Doescher & Owen, Ltd., Carson City, Nev., for defendants-appellees.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff has appealed to the Ninth Circuit Court of Appeals from the summary judgment entered in favor of defendant Tahoe Regional Planning Agency (TRPA), which judgment dismissed the action. The Order granting summary judgment has been published at 599 F.Supp. 185. On July 24, 1985, the Ninth Circuit denied Plaintiff's motion to submit new evidence, but without prejudice to its presentation to this district court. Plaintiff now has made such a motion here.

The new evidence is a letter dated April 7, 1977, on TRPA stationery and signed by an Asst. Engineer/Investigator of the Agency. The letter was addressed to the Planning, Public Works and Building Departments of the counties and cities (both in Nevada and in California) that border on Lake Tahoe. The subject of the letter was parcel maps. The letter writer noted that, in several cases, parcels or lots had been created in violation of a particular TRPA Land Use Ordinance that limited density of dwelling units and amount of land coverage. The last paragraph of the letter reads:

"To insure that all land divisions conform to Agency regulations, we request that a copy of all proposed parcel maps, including property line adjustments, be sent to this office prior to City or County approvals. We will review them at staff level and provide specific ordinance interpretations where necessary."

Plaintiff alleges that the letter constitutes newly discovered evidence which he uncovered only after all appeal briefs had been submitted to the Ninth Circuit. It is his position that the letter is a written policy letter of the TRPA, and that it activated the "deemed approved" clause of the California-Nevada interstate compact to regulate the Lake Tahoe Basin. That clause states, in pertinent part, that whenever under any policy adopted by the TRPA the Agency is required to review or approve any proposal, the Agency shall take final action on the proposal within 60 days after it has been delivered to the Agency. "If the Agency does not take the final action within 60 days, the proposal shall be deemed approved." The point being made by Plaintiff is that TRPA's position in this litigation always has been that the Agency did not require review of parcel maps for developments of as small a magnitude as Plaintiff's, therefore the "deemed approved" clause was inapplicable. The letter establishes, in Plaintiff's opinion, that review of Douglas County's approval of his tentative parcel map was required by the TRPA policy set forth in the letter. Thus, the Agency's failure to act within 60 days resulted in its automatic approval of Douglas County's approval, Plaintiff argues.

■ Oral arguments were heard on October 7, 1985, by the Ninth Circuit in connection with Plaintiff's appeal of the summary judgment against him. An opinion has not yet been filed, however, so that Plaintiff's motion to supplement the record with new evidence has not been rendered moot.

■ Fed.R.Civ.P. 60(b) authorizes a court to relieve a party from a final judgment by reason of newly discovered evidence. One prerequisite for obtaining such relief is a showing that the evidence is of such a character that it would probably change the outcome of the proceedings. *Giordano v. McCartney,* 385 F.2d 154, 155 (3rd Cir.1967); *United States v. Walus,* 616 F.2d 283, 288 (7th Cir.1980); *Rayor v. United States,* 323 F.2d 519, 523 (9th Cir. 1963). Plaintiff's evidence does not fulfill this requirement. This is because he never has had a valid, unqualified permit to proceed with the development of his land.

■ Where TRPA has failed to take final action on a proposal within 60 days, the operational effect of its failure is that the

decision of the local authority in effect stands affirmed. *California Tahoe Regional Planning Agcy. v. Jennings*, 594 F.2d 181, 189 (9th Cir.1979). Plaintiff's application to Douglas County for a permit was forwarded by the County to TRPA. Four days later, on December 13, 1977, TRPA advised Douglas County that the application was not in compliance with the Agency's Land Use Ordinance 9.31. Further information was requested. On December 29, 1977, the Douglas County Planning Commission approved Plaintiff's tentative parcel map, subject to certain specified conditions. These conditions included documenting legal access to the parcel, identifying (1) land capability, (2) land use district, (3) existing land coverage and (4) building footprints, and paving the road.

Plaintiff employed a bulldozer to grade a road on May 12, 1978. Four days later he was arrested and charged with violating both County and TRPA ordinances, as well as State statute. On May 19, 1978, Douglas County commenced a civil action seeking injunctive relief that would prohibit Plaintiff from doing further grading or tree cutting. Plaintiff stipulated that he would refrain from such activities. On May 31, 1978, a Nevada District Court approved an order based on the stipulation. Quite clearly, Douglas County (which Plaintiff alleges is the source of his permit) did not regard Plaintiff as having complied with the conditions precedent.

TRPA sent Plaintiff a letter on September 26, 1980. In the letter it directed Plaintiff to recontour and revegetate the road he had bulldozed. The letter was sent in connection with TRPA's denial of Plaintiff's request for a variance from land coverage restrictions. Several months later, on January 15, 1981, Plaintiff sued Douglas County for a writ of mandate requiring the County to issue all necessary approvals and permits. It must have been unmistakeably clear at that time that Plaintiff had received no valid approval or permit to develop his land.

A stipulation was entered in that case; it was filed on March 7, 1983. It stated that the tentative parcel map had been approved by the Douglas County Planning Commission, on December 29, 1977, subject to subsequent review and approval by the Douglas County Board of Commissioners. Further, the stipulation required Plaintiff to provide improvement plans to the County. Likewise, the stipulation required Plaintiff to obtain an administrative permit from TRPA for environmental impact from his road before the County would issue its construction permit for the road (which was meant to serve the individual lots). Finally, Plaintiff was obligated either to complete construction of the road or to provide a letter of credit prior to recordation of his parcel map. The State Court ratified and confirmed the stipulation and ordered the parties to abide by its terms, on March 11, 1983 (filed March 22, 1983). Obviously, Plaintiff still did not have a valid permit.

TRPA advised Plaintiff, on June 28, 1983, that it could not consider his application for an administrative permit, because construction of the road would be in violation of its Land Use Ordinance 81–5 (adopted November 1982). The instant lawsuit was commenced October 26, 1983.

■ The law in Nevada is that vested rights against changes in a zoning law arise only after (1) a building permit has been issued and (2) the permittee has incurred considerable expense in reliance thereupon. *City of Reno v. Nevada First Thrift*, 100 Nev.Adv.Op. 102, 686 P.2d 231, 233–34 (1984); *Board of Cty. Com'rs v. CMC of Nevada, Inc.*, 99 Nev. 739, 670 P.2d 102, 107 (1983). Plaintiff has never had a building or construction permit. Therefore, he has never had a vested right against any zoning changes that might restrict the development of his land. Nor would any default approval (failure to act within 60 days) by TRPA immunize the County's conduct re issuance of construction permits from judicial review. *California Tahoe Regional Planning Agcy. v. Jennings, supra* at 594 F.2d 189.

The statute of limitations argument of Petitioner is inapposite. The 25-day limita-

tion provided in NRS 278.0235 is limited to actions against the agency or governing body for relief from its zoning final actions.

█ Plaintiff's allegation that TRPA's conduct was fraudulent, in not disclosing to him the April 7, 1977 letter, won't withstand scrutiny either. The belief of the TRPA staff member, at an August 18, 1983, meeting in the office of Plaintiff's then-attorney, that "verbal policy" required Douglas County to send Plaintiff's tentative parcel map to TRPA, may have been an honest belief. A Fed.R.Civ.P. 60(b)(3) motion for relief from a judgment because of the fraud of an adverse party requires the moving party to establish fraud by clear and convincing evidence. *Petition of Cardines,* 366 F.Supp. 700, 707 (D.Guam 1973).

█ F.R.A.P. 10(e) allows a district court to transmit supplemental material to the court of appeals if anything material to either party is omitted from the record on appeal. As discussed above, the April 7, 1977, letter is not material because it cannot change the fact that Plaintiff never has had a valid construction permit.

IT IS, THEREFORE, HEREBY ORDERED that Plaintiff's motion to supplement the record on appeal with newly discovered evidence be DENIED.

IT IS FURTHER ORDERED that the Clerk of this Court shall send a courtesy copy of this Order to the Ninth Circuit Court of Appeals.