## D. W. PERLEY, Respondent, v. CHARLES FORMAN, Appellant.

WHERE NO EVIDENCE TO SUSTAIN COMPLAINT, INJUNCTION MUST BE DISSOLVED. Where the main allegations of a complaint for injunction, made upon information and belief, were fully and positively denied by the answer; and on motion to dissolve an injunction granted thereon without notice, the evidence entirely failed to sustain any of the material allegations of the complaint; *Held*, that a denial of such motion was too erroneous to admit of discussion.

DECLARATIONS OF VENDOR AFTER SALE. The declarations of a vendor, made after the sale and not being a part of the transaction, are not admissible in evidence as against the vendee.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The plaintiff alleged that in July, 1871, he employed Thomas Grieves, who was also made a defendant in this action, to proceed from Pioche, in Lincoln County, to Fillmore, in Utah Territory, and purchase from one John McNeill at the latter place two hundred feet of mining ground situate in the Ely Mining District of Lincoln County; that Grieves was to take such purchase in his own name but for the plaintiff's use and benefit; that he furnished Grieves with $40 to pay his fare and $100 to buy the mining ground, and gave him a deed made out and ready for signature, and that Grieves procured such deed to be executed and returned therewith. He further alleged on information and belief, that defendant Charles Forman was cognizant of these facts and fraudulently procured Grieves to make a deed of the property, so in his name, to himself; and placed the same on record and held the same for the joint benefit of himself and Grieves; and that such transaction was made in bad faith and in pursuance of a combination to cheat plaintiff. He prayed for an injunction to restrain the transfer of the property by Forman and that the deed to him should be declared null and void.

Upon the complaint, making the above allegations, an injunction as prayed for was issued without notice; and afterwards, the defendant Foreman put in an answer denying all the allegations of the complaint, and those respecting his own connection with the mat-

ter fully and positively. A motion was then made by the defendant Forman to dissolve the injunction ; and on the hearing, an answer fully denying the complaint having in the meanwhile been put in by defendant Grieves, the oral testimony of a number of witnesses was taken. Among others, the plaintiff offered one O'Connell, who testified as to certain declarations made by Grieves after the sale by him to Forman, and to the effect that Forman was informed about the whole matter, and agreed to do whatever Grieves wished. Forman objected to this evidence on the ground that it was hearsay and inadmissible, being a declaration made after the sale, and not a part of the transaction. The objection was overruled and defendant excepted. The motion to dissolve the injunction having been denied, defendant Forman appealed from the order.

*Ashley, Thornton & Kelly* and *C. H. Belknap*, for Appellant.

I. As a general rule, where an answer denies all of the equities of a bill, the injunction will be dissolved. *Real Del Monte* v. *Pon'd Mining Co.*, 23 Cal. 82 ; *Gardner* v. *Perkins*, 9 Cal. 553.

II. The allegations upon which the injunction order was based are made upon information and belief. These allegations are positively denied in the answer, and therefore, in order to continue the injunction, the plaintiff should have shown by affidavits or other testimony at the hearing of the motion to dissolve, the foundation of his information and belief; and also, that his apprehensions of a conspiracy were well founded. *Branch Turnpike Co.* v. *Supervisors Yuba County*, 13 Cal. 190 ; 12 How. Pr. R. 464 ; Freeman's Ch. R. 383 ; 25 Maine, 23.

III. Upon the pleadings alone the injunction should have been dissolved. Impending waste or irreparable injury is not alleged. No conspiracy to defraud plaintiff is established, nor is fraud in any way connected with the transaction on the part of either of the defendants.

*Ellis & King*, for Respondent.

I. The granting and continuance of the injunction rests in the sound discretion of the court below, governed by the circumstances

of the case, and the court above will not control that discretion unless there is a manifest abuse.   Hilliard on Injunctions, 81; *Doughty* v. *Somerville*, 3 Halst. Ch. 629; 1 Green. Ch. 172, 452; 1 Stockton Ch. 620; 1 Hemp. C. C. 464; 2 Ired. Ch. 278; 2 Johns. Ch. 202; 3 Sum. 70; 2 Curt. C. C. 506.

II.  An injunction will not be dissolved upon the coming in of an answer denying the equities of the bill, if there are any special reasons to authorize the injunction, or any proof to sustain the allegations of the bill.    39 Cal. 166; 4 Edws. Ch. 667; 6 Paige, Ch. 295; 2 Jones' Eq. (N. C.) 318; 6 How. Pr. 208; *Lady Bryan* v. *Lady Bryan*, 4 Nev. 414.

A special reason authorizing the injunction and demanding its continuance is, that it is the only restraint upon defendant Forman making an adverse disposition and conveyance of the property in dispute; and upon a dissolution of it the complainant would be likely to lose all the benefits of his suit.

III.  The chancellor having his conscience informed by the proofs and statements of both parties, with the witnesses before him, where their manner can be scrutinized, their motives, impulses, sympathies and prejudices noted, the exercise of his discretion will not be controlled by this court, where there is any evidence to sustain his decision.    Where fraud is of the gravamen of the bill, the temporary injunction is never dissolved merely upon the coming in of an answer denying the equities of the bill.    Hilliard on Inj. 93.

*D. W. Perley* and *Quint & Hardy*, also for Respondent.

By the Court, WHITMAN, J.:

To the complaint of respondent, the main allegations of which so far as the appellant is concerned are made upon "information and belief," a full and positive denial is made by answer; thereupon a motion to dissolve the injunction previously granted without notice. The evidence introduced upon the hearing of such motion entirely failed to sustain any of the material allegations against appellant. The only testimony which in the remotest degree tended thereto, that of O'Connell, should have been excluded under the objection made.    Still the motion was denied.    Under what rule of procedure

or principle of equity, it is impossible to say. This action was too clearly erroneous to admit of discussion. The order appealed from is reversed, and the injunction granted against appellant is dissolved.