MAGNET MINING COMPANY, RESPONDENT, *v.* PAGE AND PANACA SILVER MINING COMPANY, APPELLANT.

INJUNCTION, WHEN TO BE DISSOLVED—DENIAL OF EQUITIES. An injunction granted upon a complaint, the allegations of which have been fully and fairly denied by the answer, should on motion and in the absence of further showing be dissolved, unless in exceptional cases when good reason appears for continuing it.

MOTION TO DISSOLVE INJUNCTION ON COMPLAINT AND ANSWER. On a motion to dissolve an injunction, heard upon complaint and answer alone, the full and fair denials of the answer are taken as true.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County,

The plaintiff claimed to be the owner and in possession of the quartz ledge known as the Panaca, on Panaca Flat, Ely Mining District, Lincoln County, and that defendant, on April 16, 1874, entered upon a portion of the same,· and ejected plaintiff therefrom to its damage in the sum of thirty thousand dollars. The complaint also set forth that defendant had extracted from the mine valuable ores, and threatened to continue the extraction and removal of ores, and prayed for damages, an injuncton and other relief. Upon this complaint, which was filed June 1, 1874, the district judge ordered the application for an injunction to be heard on June 12, 1874, and in the meanwhile issued a restraining order to "remain in full force and effect until the 12th day of June, A. D. 1874, at 10 o'clock, A. M., of that day, and until further order herein."

The defendant filed its answer on June 10, denying fully all the material allegations of the complaint. Several stipulations were afterwards made continuing the time for hearing the application for an injunction, but it seems that application never came up. On July 7, defendant moved to dissolve the restraining order; and on July 10, that order was modified " so as to allow the defendant to continue the

working of the ground in controversy, and described in the foregoing order, and to raise the ore to the surface or dump, and then deposit the same upon the dump, but not to remove the ore from the dump or from the vicinity of the shaft, incline or dump of defendant's works." On July 16, an order was entered denying the motion to dissolve the restraining order, and continuing that order, as modified, in force pending the action.

From these orders defendant appealed.

*A. B. Hunt* and *Henry Rives,* for Appellant.

I. The time embraced in the order restraining defendant only extended from the time of granting the order to the time set for the hearing. *Prader* v. *Grim,* 13 Cal. 586. The plaintiff could not, by its own act of negligence, or connivance, extend that time indefinitely, and so continue the restraining order in force. And the answer in the mean time coming in and denying all the equities of the bill, conclusively established the fact that plaintiff was not entitled to the injunction asked. *Lady Bryan G. & S. M. Co.* v. *Lady Bryan M. Co.,* 4 Nev. 44; *Gagliardo* v. *Crippen,* 22 Cal. 362.

II. The judge could not enjoin defendant beyond the time set for the hearing, or the time to which the hearing was continued, to wit: June 22, because he had decided, so says the order, that the defendant was entitled to a hearing before any injunction should issue, and *in the mean time* defendant was restrained from the commission of the acts complained of. No continuance was had beyond June 22, either by stipulation or order, or otherwise. Defendant was on hand on June 22, as ordered; no judge or plaintiff was there. Had plaintiff been present, and the judge been unable to hear the parties, he might have referred the matter to some other judge for hearing. Comp. Laws, Sec. 1555.

III. The judge should have granted the motion to dissolve the restraining order, for the reason that plaintiff had

waived all its rights to show cause why an injunction should issue.  The failure of plaintiff to prosecute its application was a confession of its inability to maintain it; and the restraining order had expired by its own limitations.  *Dowling* v. *Polack*, 18 Cal. 625; *Loomis* v. *Brown*, 16 Barb. 325; *Sherman* v. *N. Y. C. Mills*, 11 How. 269; *Coatts* v. *Coatts*, 1 Duer, 644; *Methodist Church* v. *Barker*, 4 Smith, 463.

IV.  The injunction pending the action should have been denied, for the reason that as a general rule plaintiff must not only have the title to the ground claimed by it, but his title and right of possession must be clear, well established and not in dispute.  Here defendant was shown to have been in possession for a number of years, and had expended large sums of money upon the mine claimed by it, and from which it was enjoined from removing ore.  *Real Del Monte Mining Co.* v. *Pond Mining Co.*, 23 Cal. 82.

*Garber, Thornton & Kelley*, for Respondent.

No brief on file.

By the Court, BELKNAP, J.:

Upon the filing of the complaint in this case an application was made for an injunction restraining the defendant from extracting or removing ore from certain described mining ground of which the plaintiff claims to be possessed in fee.  An order was made fixing the time for the hearing of the application for the injunction; and in the mean time the defendant was restrained from the commission of the acts complained of.

The hearing of the application was continued several times by stipulation, and, for some cause unexplained by the record, was not heard upon the day finally set for hearing.  The merits were reached by motion to dissolve the restrain-

ing order. It was then modified so as to restrain defendant from removing ore from the premises in controversy.

The answer fully and fairly denies plaintiff's alleged title and possession, and no testimony was offered upon either of these points. The questions of title and possession, therefore, stand upon the pleadings. A complete denial by the answer is taken as true, and, in the absence of testimony establishing the material allegations of the complaint, the injunction should be dissolved, unless good reasons appear for continuing it. So, in New York an injunction was retained where it could work no injury, while to dissolve it might do so, notwithstanding a full denial of the equities of the bill. *Bank of Monroe* v. *Schermerhorn,* Clark's Ch. 309. And where the statement of the defendant was extremely improbable. *Moore* v. *Hylton,* 1 Dev. Eq. 429. And where the denial was grounded upon information and belief. *Poor* v. *Carleton,* 3 Sum. 70.

But no reasons appear to make this an exceptive case. The denials of the answer must be taken as true, and so taken, the plaintiff has no ground for equitable relief.

The order appealed from is reversed and the injunction dissolved.