VEGAS FRANCHISES, LTD., a Limited Partnership, dba STEAK CORRAL, Appellant, v. CULINARY WORKERS UNION, LOCAL NO. 226, et al., Respondents.

No. 5234

May 23, 1967                    427 P.2d 959

*John Peter Lee,* of Las Vegas, for Appellant.

*Joseph C. Crawford,* of Las Vegas, and *Philip Paul Bowe* of *Carroll, Davis, Burdick & McDonough,* of San Francisco, California, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

The owners of the Steak Corral, a restaurant in Las Vegas, brought suit to enjoin the peaceful picketing of their place of business by the Culinary and Bartenders Unions. The owners charge that the picketing is unlawful since the unions' purpose is to coerce Steak Corral employees' choice of a bargaining representative in violation of the public policy of Nevada. Alternatively, the owners claim that picketing is precluded since the unions' purpose is to force them to sign a collective agreement containing a non-discriminatory hiring hall provision contrary to Nevada's Right To Work Law. The district court found that it had jurisdiction to entertain the suit, but denied the owners motion for a preliminary injunction. This appeal followed. We agree that the state court had jurisdiction, but hold that the court committed error when it refused to grant the owners' motion for a preliminary injunction.

1. Jurisdiction. The threshold issue is jurisdiction. It is conceded that the employer's business operations affect commerce within the meaning of the National Labor Relations Act. However, this case falls within the residual jurisdiction conferred upon State courts by section 14(c) of the Act, 29 U.S.C. § 164(c)(1).[1] The owners alleged and the trial court found that the new restaurant enterprise of Steak Corral would

---

[1] 29 U.S.C. § 164(c)(1) reads: "The Board, in its discretion, may, by rule of decision or by published rules adopted pursuant to the Administrative Procedure Act, decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction: * * *."

not produce $500,000 annual gross volume of business which is the National Labor Relations Board standard for asserting jurisdiction over a restaurant. Brennan's French Restaurant, 129 N.L.R.B. 52 (1960).

It is not necessary for the state court to withhold its process until the Board affirmatively expresses its unwillingness to take a given case. The party seeking relief need only demonstrate that the case is one which the Board would decline to hear. Russell v. Electrical Workers Local 569, 409 P.2d 926 (Cal. 1966); Continental Slip F. Bldrs., Inc. v. Brotherhood of C. & G., 393 P.2d 1004 (Kan. 1964); District U. Local, 227, Amal. Meat Cut., Etc. v. Fleischaker, 384 S.W.2d 68 (Ky. 1964); Radio & T.V. Local Union 1264 v. Broadcast Service, 380 U.S. 255 (1965); Cox, The Landrum-Griffin Amendments to the National Labor Relations Act, 44 Minn.L.Rev. 257, 262 (1959). That demonstration was made in this case. Our decision in Painter's Local v. Tom Joyce Floors, 81 Nev. 1, 398 P.2d 245 (1965), is wholly inapposite since that case did not concern the residual jurisdiction of state courts under Section 14(c) of the Act. The lower court properly ruled that it had jurisdiction to hear and decide this injunction suit.

2. Public policy. The lower court found that the unions here involved represent employees in the food and beverage dispensing business; that the employees of Steak Corral have not expressed a desire to join the unions; that the employer desires the employees to be represented by any organization satisfactory to them; and that the unions presented to the employer a collective agreement covering the employees which the employer refused to sign, whereupon picketing was initiated. These findings are fully supported by the record.

The employer's claim to injunctive relief centers upon the unions' effort to organize the employees of the Steak Corral from the top, and without deference to the employees' choice of bargaining representative. The contention is that such action by the unions is in direct violation of the public policy of Nevada as expressed in NRS 614.090(1)(2).[2] That statute in plain language declares that individual workmen shall have

²NRS 614.090 provides: "In the interpretation and application of NRS 614.090 to 614.110, inclusive, the public policy of this state is declared as follows:

"1. Negotiations of terms and conditions of labor should result from voluntary agreement between employer and employees. Governmental authority has permitted and encouraged employers to organize in the corporate and other forms of capital control. In dealing with such employers, the individual organized worker is helpless to exercise actual liberty of contract and to protect his freedom of labor, and

full freedom of association, self-organization, and designation of representatives of their own choosing to negotiate the terms and conditions of employment. A strikingly similar statute was before the United States Supreme Court in Building Service E.I.U. v. Gazzam, 339 U.S. 532 (1950). The issue presented for decision was whether the First and Fourteenth Amendments to the Federal Constitution permit the State to enjoin peaceful picketing carried on for the purpose of compelling an employer to sign a contract with a labor union which coerces his employees' choice of bargaining representative. The court ruled that state injunctive relief was permissible. It wrote: "But since picketing is more than speech and establishes a locus in quo that has far more potential for inducing action or nonaction than the message the pickets convey, this Court has not hesitated to uphold a state's restraint of acts and conduct which are an abuse of the right to picket rather than a means of peaceful and truthful publicity." 339 U.S. at 537. See also International Brotherhood v. Vogt, 354 U.S. 284 (1957); Pappas v. Stacey, 116 A.2d 497 (Me. 1955).

In Gazzam, supra, the state court enjoined the picketing and the Supreme Court upheld the state court's right to do so. Here, our state district court denied preliminary injunctive relief. To this extent, the two cases are different, but that difference is of no moment since the issue is one of law rather than discretion. Peaceful picketing carried on to coerce the employees' choice of bargaining representative either conflicts with the policy expressed in NRS 614.090(1)(2), or it does not—a question of law.

---

thereby to obtain acceptable terms and conditions of employment. Therefore, it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

"2. The employers have enjoyed these rights for ages and now enjoy the right to negotiate with their employees and prospective employees through agencies and representatives of their own choosing. The workmen should enjoy the same right and should be accorded the same privilege in protecting and providing for their most valuable asset, the labor of their brain and brawn, as is accorded the employers in the protection and enhancement of their property rights in their industries and affairs. Mutuality of conduct in the negotiations between the employers and workers concerning wage agreements, working conditions and all other matters connected with the employment of human beings in industry of any kind is essential to the welfare of both and to the industrial peace of the community, state and Nation."

In a different context, the Court of Appeals for the Ninth Circuit used strong language in denouncing the union's effort to organize employees from the top, and without deference to their free choice of bargaining representative. Retail Clerks Union, Local 770 v. N.L.R.B. 370, F.2d 205 (9 Cir. 1966). The court wrote: "The rights, nevertheless, to self-organization and to bargain collectively through representatives of their own choosing granted by Section 7 of the Act are the rights of the employees, not of any labor union or the employer, and no labor organization has authority to arrogate unto itself the representation of any unrepresented groups of employees without their consent." Id. at 208. Though the frame of reference was different, the quoted language expressing the concept of employees' rights applies with equal force to the issue at hand. We hold that the peaceful picketing here under consideration is contrary to the public policy of Nevada as expressed in NRS 614.090(1)(2).

In so concluding we are not unaware of Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949) which contains language to the effect that peaceful picketing by "strangers" does not violate NRS 614.090 (then NCL 2825.32). Id. 66 Nev. at 182. The Culinary Workers case was decided one year before the Supreme Court ruled in Gazzam, supra, and, in our judgment, is no longer a correct explication of the law on this point. Therefore, we overrule that phase of the Culinary Workers opinion.

3. We note initially that this appeal is from an order denying a preliminary injunction. Dictum in the case of Ringelberg v. U.A. Journeymen, 72 Nev. 156, 297 P.2d 1079 (1956) suggests that the preliminary determination of the trial court upon a motion for an injunction pendente lite is a discretionary matter and does not necessarily foretell the ultimate result upon the merits of the case after a full trial. Consequently, absent an abuse of discretion, such preliminary determination will not be overturned on appeal. We have no quarrel with that suggestion when the issue before the trial court is one of discretion rather than law. In the case at hand the basic question is one of law, and will not be altered by subsequent occurrences at the trial for permanent injunctive relief. There is no reason to await further proceedings before ruling. If Ringelberg is read to have a broader significance than just suggested, we overrule any such implication.

In the light of our holding it is not necessary to consider the alternative point on appeal—whether peaceful picketing

was precluded since the unions' purpose is to force the employer to sign a collective agreement containing a non-discriminatory hiring hall provision, allegedly contrary to Nevada's Right To Work Law.

The order denying a preliminary injunction is reversed and the trial court is directed to issue a preliminary injunction restraining the unions from endeavoring to compel the employer to coerce his employees to designate the unions as their representatives for collective bargaining by picketing the employer's premises.

COLLINS and ZENOFF, JJ., concur.