CORONET HOMES, INC., A NEVADA CORPORATION, APPELLANT, *v.* LESTER V. MYLAN, RESPONDENT.

No. 5493

July 2, 1968                    442 P.2d 901

[Rehearing denied July 26, 1968]

*Lohse and Lohse,* of Reno, for Appellant.

*J. Rayner Kjeldsen* and *Daniel J. Olguin,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

The appellant is a corporation engaged in property development and home construction in the Reno area. The respondent's home and property are adjacent to a parcel of land being developed and subdivided by the appellant. Apparently as a result of certain disagreements, the respondent offered his property for sale. He erected a sign which read, "FOR SALE, COLORED ACCEPTABLE, NO DISCRIMINATION."

The appellant filed an action against the respondent seeking money damages and a permanent injunction restraining the continued display of the for sale sign erected by the respondent. In his complaint, the appellant alleged in essence that the sign constitutes "an intentional, malicious and injurious falsehood" appearing to have been made by the appellant as an advertisement of his property and interfering with the appellant's business to his detriment and damage.

A temporary restraining order was issued based upon the appellant's application and verified complaint. The appellant also obtained an order to show cause why a preliminary injunction should not be issued. The respondent filed a motion to dissolve the temporary restraining order.

Upon hearing the evidence presented, the trial court denied the appellant's application for a preliminary injunction and dissolved the temporary restraining order previously granted. The

appellant now appeals from the lower court's decision contending that he, as plaintiff, made a proper showing that a preliminary injunction should have been issued.[1] Since the record contains substantial evidence supporting the lower court's ruling, we must affirm.

The granting, refusing or dissolving of injunctions or restraining orders is a matter of discretion. Thorn v. Sweeney, 12 Nev. 251 (1877). Furthermore, it is important to note that the refusal to grant a preliminary injunction and the dissolution of a temporary restraining order does not necessarily affect the ultimate disposition on the merits of the case prior to trial. Vegas Franchises, Ltd. v. Culinary Wkrs. U., Loc. No. 226, 83 Nev. 236, 427 P.2d 959 (1967).

At the hearing for the purposes of obtaining a preliminary injunction the evidence introduced by the appellant failed to sustain the material allegations against the respondent. The testimony in fact reveals the opposite to be true. The sign did not contain false statements. Nor was the assertion correct that it was in any substantial way similar to that erected by the appellant as evidenced by the exhibits. Significant is the fact that the sign is apparently situated on the respondent's property. Further, the record does not reflect in what manner interference with the appellant's business has occurred. Moreover, there has been no violation of any statute or ordinance involved in the erection of the sign. Cf. Alper v. Las Vegas Motel Association, 74 Nev. 135, 325 P.2d 767 (1958).

Thus in the absence of testimony or exhibits establishing the material allegations of the complaint, the temporary restraining order should be dissolved and the application for a preliminary injunction denied. Perley v. Forman, 7 Nev. 309 (1872); Magnet Mining Co. v. Page and Panaca Silver Mining Co., 9 Nev. 346 (1874). The trial court's determination was correct.

Affirmed.

---

[1]The appellant also complains that the trial court's decision did not state reasons for its denial. It need not do so. NRCP Rule 65(d).