INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 3, AND TEAMSTERS UNION LOCAL NO. 533, APPELLANTS, v. BING CONSTRUCTION COMPANY OF NEVADA, DOING BUSINESS AS BING MATERIALS, RESPONDENT.

No. 7032

May 9, 1974                      521 P.2d 1231

*Echeverria & Osborne* and *Lew W. Carnahan,* of Reno; and *Robert LeProhn Law Corp.,* of San Francisco, California, for Appellants.

*Abbott & McKibben,* of Minden, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is an appeal from an order granting respondent's motion for a preliminary injunction entered pursuant to NRS 613.300,[1] prohibiting picketing and interference with respondent's building material plant.

The record indicates that the appellant union sought to obtain respondent's signature on an Associated General Contractors (A.G.C.) collective bargaining agreement and that the

---

[1]NRS 613.300: "Any person injured or threatened with injury by an act declared illegal by NRS 613.230 to 613.300, inclusive, shall, notwithstanding any other provision of the law to the contrary, be entitled to injunctive relief therefrom."

respondent refused. The rejected agreement would have in part, required the respondent to pay 90 percent of the A.G.C. pay scale. On June 6, 1972, after respondent refused to sign the agreement, the appellants began peaceful picketing. Before entering its order granting a preliminary injunction the district court apparently found that the picketing was designed to compel respondent to enter into a union security agreement in violation of Nevada's right to work laws. NRS 613.230–613.300.

Appellants contend that the district court was without jurisdiction to enter its order because the National Labor Relations Board had exclusive jurisdiction over the matter.

It is conceded that the respondent's business operation affects commerce within the meaning of the National Labor Relations Act. 29 U.S.C. §§ 141–187.

In San Diego Council v. Garmon, 359 U.S. 236 (1959), the United States Supreme Court held that where an action is "arguably subject to § 7 or § 8 of the Act [Taft-Hartley] the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board. . . ." 359 U.S. at 245.

In Retail Clerks v. Schermerhorn, 375 U.S. 96 (1963), the High Court pointed out that: ". . . [P]icketing in order to get an employer to execute an agreement to hire all-union labor in violation of a state union-security statute lies exclusively in the federal domain (Local Union 429 v. Farnsworth & Chambers Co., 353 U.S. 969, and Local No. 438 v. Curry, 371 U.S. 542), because state power, recognized by § 14(b) [Taft-Hartley Act, 61 Stat. 151, 29 U.S.C. § 164(b)] begins *only with actual negotiation and execution of the type of agreement described by § 14(b)*. Absent such an agreement, conduct arguably an unfair labor practice would be a matter for the National Labor Relations Board under Garmon." 375 U.S. at 105.

In Liner v. Jafco, 375 U.S. 301 (1963), labor unions authorized the picketing of a construction site to protest the payment of wages lower than the union scale. A state court enjoined the picketing and was affirmed by a state appellate court. Certiorari was granted by the High Court and in its opinion it said: "We hold that the issuance of the injunction was beyond the power of the Tennessee courts and therefore reverse the judgment. . . . Congress has invested the National Labor Relations Board with the exclusive power to adjudicate conduct arguably protected or prohibited by the National Labor Relations Act. (citations omitted) If the peaceful picketing complained of in this case is such conduct, Congress has ordained . . . that only the federal agency shall deal with it. . . . This would be true even if the picketing were prohibited

conduct. . . . Whether or not the facts showed a 'labor dispute' within the meaning of 29 U.S.C. § 152(9) is certainly at least arguable. Consequently, as we said in Curry, 'the state court had no jurisdiction to issue an injunction or to adjudicate this controversy, which lay within the exclusive powers of the National Labor Relations Board.' "

No actual negotiations and execution of the type of agreement described by § 14(b) of the Taft-Hartley Act appear in this record. State power recognized by § 14(b) begins only with such actual negotiations and execution. Absent such an agreement, conduct arguably an unfair labor practice, would be a matter for the National Labor Relations Board. Retail Clerks v. Schermerhorn, supra; San Diego Council v. Garmon, supra; Painter's Local v. Tom Joyce Floors, 81 Nev. 1, 398 P.2d 245 (1965).

It is not within the competence of a state court to determine whether or not acts by a labor union or an employer amount to an unfair labor practice protected by § 7 or prohibited by § 8 of the Taft-Hartley Act. If the activity is arguably within the protection or prohibition of the act, the determination lies exclusively within the jurisdiction of the N.L.R.B., and any state action is precluded.

Whether or not the facts in this record show a labor dispute within the meaning of 29 U.S.C. § 152(9)[2] is at least arguable.

If a labor dispute has been established and it can be shown that the National Labor Relations Board has declined or would decline to entertain the matter, then a state court would have the jurisdiction to order a preliminary injunction. Vegas Franchises v. Culinary Workers, 83 Nev. 236, 427 P.2d 959 (1967); Russell v. Electrical Workers Local 569, 409 P.2d 926 (Cal. 1966); Continental Slip F. Bldrs., Inc. v. Brotherhood of C. & G., 393 P.2d 1004 (Kan. 1964). See also 29 U.S. C. § 164(c)(1)(2).[3]

---

[2] 29 U.S.C. 152(9): "The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee."

[3] 29 U.S.C. § 164(c)(1)(2): "The Board, in its discretion, may, by rule of decision or by published rules adopted pursuant to the Administrative Procedure Act, decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion

There is nothing in this record which would indicate that the National Labor Relations Board would decline to assert jurisdiction (29 U.S.C. § 164(c)(1)) over this controversy, therefore the district court was not free to exercise the powers reserved to state courts in 29 U.S.C. § 164(c)(2).

The order of the district court granting the respondent a preliminary injunction is reversed and the case is remanded to the district court with instructions to dissolve its preliminary injunction and dismiss the action for want of jurisdiction.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

---

of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction: *Provided,* That the Board shall not decline to assert jurisdiction over any labor dispute over which it would assert jurisdiction under the standards prevailing upon August 1, 1959.

"Nothing in this subchapter shall be deemed to prevent or bar any agency or the courts of any State or Territory (including the Commonwealth of Puerto Rico, Guam, and the Virgin Islands), from assuming and asserting jurisdiction over labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction. (July 5, 1935, ch. 372, § 14, 49 Stat. 457; June 23, 1947, title I, § 101, 61 Stat. 151; Sept. 14, 1959, Pub.L. 86—257, title VII; § 701(a), 73 Stat. 541.)"