INDEPENDENT ASSOCIATION OF PARI–MUTUEL EMPLOYEES OF the STATE OF FLORIDA, a labor organization, Plaintiff,

v.

GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Corporation, Defendant.

No. FL 75–531–Civ–JLK.

United States District Court,
S. D. Florida,
Ft. Lauderdale Division.

Feb. 18, 1976.

Mamber, Gopman, Epstein & Foosaner, North Miami Beach, Fla., for plaintiff.

Leonard Romanik, Hollywood, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the defendant's motion to dismiss. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

The complaint asks the court to order the defendant employer to comply with a collective bargaining agreement and submit a dispute to arbitration. The defendant has moved to dismiss on grounds that, because it is a horse racing track, it is not involved in an "industry affecting commerce" and so the court does not have jurisdiction. Under 29 U.S.C. § 185(a) the court has jurisdiction over suits "for violation of contracts between an employer and a labor organization in an industry affecting commerce." It is clear that the court has jurisdiction to order an employer to arbitrate. *AFL–CIO v. Bonatz*, 475 F.2d 433 (3d Cir. 1973). Thus the only question to be decided is whether horse racing is an industry affecting commerce.

Defendant urges that we accept the determination of the NLRB that horse and dog racing do not have an effect substantial enough to warrant the assertion of jurisdiction. Plaintiff counters that whether or not the Board asserts jurisdiction over an industry is irrelevant to whether this employer affects commerce. *Local 384 Teamsters v. Patane*, 232 F.Supp. 740 (E.D.Pa.1964). This is because the Board has discretionary power to decline jurisdiction. *Id.* at 742.

Congress has given the Board discretion to decline to assert jurisdiction "over any labor dispute involving any class or category of employees, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant exercise of its jurisdiction." 29 U.S.C. § 164(c)(1). In the event the Board declines to assert jurisdiction, the states may assume jurisdiction. 29 U.S.C. § 164(c)(2).

The NLRB has determined that the horse and dog racing industries do not have such a substantial effect on commerce to warrant the exercise of their jurisdiction. *Hialeah Racing Course, Inc.*, 125 N.L.R.B. No. 57, 45 LRRM 1106 (1959). This decision was based on two factors:

1. These operations are essentially local in character so that a labor dispute therein is not likely to disrupt interstate commerce. See *Los Angeles Turf Club, Inc.*, 90 N.L.R.B. No. 10, 26 LRRM 1145 (1959).

2. The Board's declination of jurisdiction would not leave the labor relations of these operations unregulated because Congress has provided that the states could assume jurisdiction in such situations. Racetracks are subject to detailed state regulation which would probably be extended to include labor relations.

The Board therefore found that it would not effectuate the policies of the Act to assert jurisdiction over these industries. Recently the Board reaffirmed its earlier decisions declining to assert its jurisdiction over the racing industries in a formal ruling. *NLRB Jurisdictional Standards*, 29 C.F.R. 1, Part 103, Subpart A (1973), 82 LRRM 1737. In addition a number of state courts have asserted jurisdiction over labor disputes where the Board has declined jurisdiction. See *Kempf v. Local Union No. 1273*, 229 Or. 337, 367 P.2d 436 (1973); *Vegas Franchises Ltd. v. Culinary Workers Union Local No. 226*, 83 Nev. 236, 427 P.2d 959 (1967); *Russell v. Electrical Workers Local 569 Internat'l Brotherhood of AFL–CIO*, 64 Cal.2d 22, 48 Cal.Rptr. 702, 409 P.2d 926 (1966).

Given this frame of reference, the court agrees with defendant's position. If the court were to make an independent determination as to this particular track as the plaintiff urges, we should only be forced to consider those same factors which led to the Board's conclusion that the racing tracks do not affect

commerce. The court finds it best to yield to the expertise of the Board in agreeing that horse racing is an industry of essentially local concern. These enterprises are subject to extensive state regulation and the state courts are empowered with jurisdiction over labor disputes arising in them. 29 U.S.C, § 164(c)(2). Because of the local character of the industry and the finding by the Board that these enterprises do not have a substantial effect on interstate commerce, the court finds that the dispute at bar should be resolved in the state courts. Accordingly the motion to dismiss should be granted and it is therefore

Ordered and adjudged that the above-styled action be and the same is hereby dismissed.

Done and ordered in chambers at the United States Courthouse, Miami, Florida, this 18th day of February, 1976.