MICHIGAN COUNCIL 25, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES v LOUISIANA HOMES, INC (ON REMAND)

Docket No. 158504. Submitted November 18, 1992, at Lansing. Decided November 3, 1993; approved for publication January 13, 1994, at 9:05 A.M. Leave to appeal sought.

Michigan Council 25, American Federation of State, County and Municipal Employees, petitioned the Michigan Employment Relations Commission for certification as the collective bargaining agent of certain workers who, at the expense of the Department of Mental Health, provide direct care to mentally ill or mentally retarded persons in residential facilities operated by Louisiana Homes, Inc. The AFSCME named Louisiana Homes and the Department of Mental Health as joint employers for purposes of collective bargaining. The MERC found the department to be a joint employer. The department appealed. The Court of Appeals, HOLBROOK, JR., P.J., and SULLIVAN and JANSEN, JJ., affirmed. 192 Mich App 187 (1991). The department sought leave to appeal to the Supreme Court, which was denied. 440 Mich 879 (1992). The department sought reconsideration, raising for the first time the question whether the MERC lacked jurisdiction to decide the matter because of federal preemption. The Supreme Court on reconsideration vacated the opinion of the Court of Appeals and remanded for consideration of the jurisdictional question in light of *Int'l Longshoremen's Ass'n v Davis*, 476 US 380 (1986). 441 Mich 883 (1992).

On remand, the Court of Appeals *held:*

1. States must defer to the exclusive competence of the

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 595, 1351.

When will contractors with political subdivision be deemed to share political subdivision's exemption from the National Labor Relations Act under sec. 2 (2) (29 USCS sec. 152 (2)). 54 ALR Fed 619.

Who is "employer" within meaning of term as used in amended National Labor Relations Act. 1 L Ed 2d 2076, supplemented 10 L Ed 2d 1318.

State court jurisdiction as pre-empted by National Labor Relations Act as amended (29 USCS secs. 141 et seq.)—Supreme Court cases. 75 L Ed 2d 988.

National Labor Relations Board with respect to any activity that is arguably subject to the provisions of the National Labor Relations Act. If the issue is within the purview of the NLRB, a state court or tribunal lacks subject-matter jurisdiction.

2. The NLRA exempts from its definition of "employer" any state or political subdivision of the state, thus exempting states and their subdivisions from being subject to the provisions of the NLRA. Because the Department of Mental Health is a political subdivision of the state, it is not subject to the NLRB's jurisdiction. The question whether Louisiana Homes is also exempt from the NLRB's jurisdiction turns on whether the Department of Mental Health exerts a substantial degree of control over it. In deciding whether an otherwise nonexempt employer is exempt from the NLRB's jurisdiction because of its relationship with an exempt government entity, the NLRB examines not only the control retained by the employer over essential terms and conditions of employment but also the scope and control exercised by the government entity over the employer's labor relations in order to determine whether the employer is capable of engaging in meaningful collective bargaining.

3. The question whether the NLRB has jurisdiction under the NLRA need not be submitted to the NLRB for resolution if the question can be resolved by a state court or tribunal on the basis of a decision or published rule of the NLRB that indicates that it has or would have declined jurisdiction. The MERC considered the question of its jurisdiction and, relying on two decisions of a regional director of the NLRB in matters involving arrangements similar to the one here, found that the NLRB would have declined jurisdiction. The facts and those decisions support the MERC's determination that it had jurisdiction to resolve the matter. Because the MERC properly found that it had jurisdiction, the prior opinion is reaffirmed.

Affirmed.

1. LABOR RELATIONS — FEDERAL PREEMPTION — NATIONAL LABOR RELATIONS ACT.

States must defer to the exclusive competence of the National Labor Relations Board with respect to any activity that is arguably subject to the provisions of the National Labor Relations Act; if the issue is within the purview of the National Labor Relations Act, a state court or tribunal lacks subject-matter jurisdiction.

2. LABOR RELATIONS — FEDERAL PREEMPTION — EMPLOYERS — STATES — POLITICAL SUBDIVISIONS.

A state or a political subdivision of a state is not an employer

within the meaning of the National Labor Relations Act and, accordingly, is not subject to the act; the question whether a private party that is otherwise not exempt from the provisions of the act becomes exempt because of its relationship with an exempt government entity turns on whether the government entity exerts such a substantial degree of control over the private party's labor relations that it can be said that the private party is not capable of engaging in meaningful collective bargaining (29 USC 152[2]).

3. LABOR RELATIONS — FEDERAL PREEMPTION — NATIONAL LABOR RELATIONS BOARD.

A state court or tribunal may determine whether there is federal preemption of a labor matter where the question of jurisdiction can be resolved by the state court or tribunal on the basis of a decision or published rule of the National Labor Relations Board that indicates that the NLRB has or would have declined jurisdiction.

*Webb, Hildebrandt & Paton, P.C.* (by *L. Rodger Webb*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Cheryl B. Lord,* Assistant Attorney General, for the Michigan Department of Mental Health.

*Zartarian & Bator, P.C.* (by *Gregory J. Bator*), for Louisiana Homes, Inc.

Amicus Curiae:

*Greenspon, Scheff & Washington, P.C.* (by *George B. Washington* and *Donald B. Greenspon*), and *Jordan Rossen* and *Nancy J. Schiffer,* for the International Union, UAW.

ON REMAND

Before: HOLBROOK, JR., P.J., and SULLIVAN and JANSEN, JJ.

PER CURIAM. This case is before us on remand from our Supreme Court. In a prior opinion, we upheld the Michigan Employment Relations Commission's finding that respondent, Michigan Department of Mental Health (DMH) is a joint employer with respondent Louisiana Homes, Inc., a nonprofit residential home care provider, of the direct-care workers at three Louisiana Homes facilities. *Michigan Council 25, AFSCME v Louisiana Homes, Inc,* 192 Mich App 187; 480 NW2d 280 (1991). Following our decision, the DMH filed an application for leave to appeal to our Supreme Court, which was originally denied, 440 Mich 879 (1992); however, after the DMH filed a motion for reconsideration, raising for the first time the issue of lack of jurisdiction by virtue of federal preemption under the National Labor Relations Act, 29 USC 141 *et seq.,* our Supreme Court vacated our prior opinion and remanded the case to this Court for "consideration of the jurisdictional question in light of *Int'l Longshoremen's Ass'n v Davis* [476 US 380; 106 S Ct 1904; 90 L Ed 2d 389 (1986)]." 441 Mich 883 (1992). We conclude that the MERC had jurisdiction to decide this case, and, therefore, we reaffirm our prior opinion.

Subject to limited exceptions, when an activity is "arguably" subject to the provisions of the NLRA, states must defer to the exclusive competence of the National Labor Relations Board. *Davis* at 381, 394; *San Diego Building Trades Council v Garmon,* 359 US 236, 245; 79 S Ct 773; 3 L Ed 2d 775 (1959). When a party asserts that state proceedings are preempted because the conduct at issue is within the purview of the NLRA, the claim represents a challenge to the subject-matter jurisdiction of the state court or tribunal; it is "a claim that the state court has no power to adjudicate the subject mat-

ter of the case." *Davis* at 393. Thus, when a claim of NLRA preemption is raised, *Davis* directs that "it must be considered and resolved by the state court." *Id.* The issue of NLRA preemption having been raised here by the DMH, we are now called upon to consider and resolve it.

In the instant case, the petitioner filed a petition with the MERC seeking certification as the collective bargaining agent for certain workers who provide direct care to mentally ill or mentally retarded persons in three residential facilities operated by Louisiana Homes. The DMH was named as a joint employer of the direct-care workers. Following a hearing, the MERC found that, given the extent of the DMH's power and control over employment matters involving the direct-care workers, it was a joint employer with Louisiana Homes of the direct-care workers. The facts of this case relative to the relationship between the DMH and Louisiana Homes, and the extent of the DMH's power and control over employment matters involving the Louisiana Homes direct-care workers, are set forth in our prior opinion. *Louisiana Homes, supra,* 192 Mich App 187.

In this case, resolution of the NLRA preemption issue turns on the status of the relationship between the DMH and Louisiana Homes.

An "employer" subject to the provisions of the NLRA does not include a "State or political subdivision thereof." 29 USC 152(2). The parties do not dispute that the DMH, because it is a department created directly by the state, is an exempt political subdivision. See *NLRB v Natural Gas Utility Dist of Hawkins Co,* 402 US 600, 604-605; 91 S Ct 1746; 29 L Ed 2d 206 (1971). In the context of the "political subdivision" exemption, the NLRB has recognized that an otherwise statutory employer may also be exempt from the NLRB's jurisdiction if

an exempt governmental entity exerts a substantial degree of control over it. *Human Development Ass'n v NLRB*, 290 US App DC 339, 342-343; 937 F2d 657 (1991), cert den — US —; 112 S Ct 1512; 117 L Ed 2d 649 (1992); *NLRB v Parents & Friends of the Specialized Living Center*, 879 F2d 1442, 1449 (CA 7, 1989); *Res-Care, Inc v Indiana Joint Bd, Retail, Wholesale & Dep't Store Union*, 280 NLRB 670 (1986). See also *Long Stretch Youth Home, Inc v Maryland State Employees Council 92*, 280 NLRB 678 (1986). In deciding whether an employer is exempt from the NLRB's jurisdiction because of its ties to an exempt governmental entity, the NLRB examines "not only the control over essential terms and conditions of employment retained by the employer, but also the scope and control exercised by the exempt entity over the employer's labor relations, to determine whether the employer in issue is capable of engaging in meaningful collective bargaining." *Res-Care* at 672.

We disagree with the petitioner's contention that resolution of the preemption issue is controlled by the MERC's finding that the DMH and Louisiana Homes are joint employers. *Davis* makes clear that it is not within the competence of a state court to adjudicate whether a particular case falls within the purview of the NLRA. *Davis* at 390, 397. Quoting from *Garmon*, the *Davis* Court stated, "It is essential to the administration of the [NLRA] that these determinations be left in the first instance to the [NLRB]." *Id.* at 390. According to *Davis*, when faced with a preemption claim, the court must first "decide whether there is an arguable case for pre-emption; if there is, it must defer to the Board, and only if the Board decides that the conduct is not protected or prohibited may the court entertain the litigation." *Id.* at 397. Thus, in

this case, resolution of the preemption issue depends not on whether the DMH and Louisiana Homes are joint employers under state law as the MERC decided but on whether this case is "arguably" one where the NLRB, applying its own standards, could legally decide to assert jurisdiction over Louisiana Homes. Cf. *Davis* at 395.

The record in this case indicates that, while the DMH exercises significant control over various aspects of Louisiana Homes' labor relations, Louisiana Homes continues to retain some control over essential terms and conditions of employment. Whether the control retained by Louisiana Homes over employment matters rises to a level such that the NLRB could legally decide to assert jurisdiction over it notwithstanding the control over labor relations exercised by the DMH is, in our view, at least arguable.

Nonetheless, notwithstanding our conclusion that an "arguable" case for preemption exists, if it can be shown that the NLRB, within its discretion as provided in § 164(c) of the NLRA,[1] has declined or would decline to assert jurisdiction, then a state court or tribunal would be free to assert its jurisdiction. *Int'l Union of Operating Engineers, Local No 3 v Bing Construction Co of Nevada,* 90 Nev 183, 186; 521 P2d 1231 (1974); *Russell v Electrical Workers Local 569,* 64 Cal 2d 22, 25; 48 Cal Rptr

---

[1] 29 USC 164(c) provides:

(1) The Board, in its discretion, may, by rule of decision or by published rules . . . decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction. . . .

(2) Nothing in this subchapter shall be deemed to prevent or bar any agency or the courts of any State . . . from assuming and asserting jurisdiction over labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction.

702; 409 P2d 926 (1966). In order to prevent fruitless submissions to the NLRB, it is not necessary under § 164(c) for a party to first submit a given case to the NLRB for a determination of the jurisdictional question; rather, a party need only show on the basis of "rule of decision or by published rules" that the NLRB has or would have declined jurisdiction. 29 USC 164(c)(1); *Russell, supra* at 25. In ruling on such a claim, a state court would not be determining "the operative provisions or the coverage of the [NLRA]," nor substituting its own view "for that of the Board." *Id.* at 28. Rather, it would merely be "apply[ing] standards which the Board has [already] laid down." *Id.*

Here, although the parties did not raise the issue of NLRA preemption before the MERC, the issue did not go unaddressed. Our review of the MERC's written decision discloses that the MERC recognized that its jurisdiction might be questioned, and, therefore, it, sua sponte, undertook to address the issue of NLRA preemption before proceeding to a decision on the merits. In addressing the preemption issue, the MERC noted that twice before labor disputes involving the DMH and an employer health-care institution like Louisiana Homes had been submitted to the NLRB.[2] In both cases, the MERC noted, the DMH exercised control over the employer's labor relations pursuant to the "same type of contract" that exists in this case. Both cases resulted in a decision in which the NLRB declined to assert jurisdiction on the basis that extensive control by the DMH over the employer's labor relations made meaningful bargaining impossible.

---

[2] See *Residential Systems, Inc,* unpublished decision of the NLRB Seventh Region Director, decided April 7, 1988 (Case No. 7-RC-18529) and *C K Homes,* unpublished decision of the NLRB Seventh Region Director, decided February 14, 1986 (Case No. 7-RM-1275). The decision in each case was issued by the regional director under authority granted by 29 USC 153(b).

Because the DMH is the same governmental entity and Louisiana Homes is the same type of employer as was involved in each of these other cases, and because the control exercised by the DMH over the Louisiana Homes' direct-care workers is governed by the same type of contract that existed in these other cases, we agree with the MERC that a sufficient showing has been made that the NLRB would refuse to assert jurisdiction over the labor dispute in this case. Therefore, under 29 USC 164(c)(2), the MERC was free to assert its jurisdiction. Again, our resolution of this issue stems not from our own interpretation of the NLRA, but from our application of the NLRB's own decisions under like circumstances.[3]

Accordingly, we find, as did the MERC, that state jurisdiction was not lacking because of preemption under the NLRA, and, therefore, the MERC had jurisdiction to decide this case. In view of this conclusion, we hereby reaffirm our prior opinion.

Affirmed.

---

[3] We disagree with the DMH's contention that more recent authority renders the decisions in *CK Homes* and *Residential Systems,* n 2 *supra,* suspect. Although, as the DMH points out, *CK Homes* was decided before the decisions in *Res-Care* and *Long Stretch Youth Home* were issued, *Residential Systems* was decided after each of these cases and, as the MERC noted, the same result was reached in *Residential Systems* as had been reached in *CK Homes* after expressly applying the standards enunciated in *Res-Care.* Nor do we believe that the propriety of *CK Homes* and *Residential Systems* is affected by the decisions in *Parents & Friends* and *Human Development Ass'n, supra.* Although each of those cases involves situations where the NLRB elected to assert jurisdiction over an employer with close ties to an exempt government entity, the decisions were reached applying the same *Res-Care* standards that were applied in *Residential Systems.*