AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, AFL-CIO v CENCARE CORPORATION

AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, AFL-CIO v PASSAGES COMMUNITY SERVICES

AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, AFL-CIO v COMMUNITY RESIDENTIAL GROUP,
INC

Docket Nos. 158923, 158925, 158926. Submitted November 16, 1994,
at Detroit. Decided February 23, 1995; approved for publication
May 16, 1995, at 9:05 A.M.

The American Federation of State, County and Municipal Em-
ployees, AFL-CIO, filed three petitions in the Michigan Employ-
ment Relations Commission seeking certification as the collec-
tive bargaining agent for certain workers at group homes for
developmentally disabled adults operated by Cencare Corpora-
tion, Passages Community Services, and Community Residen-
tial Group, Inc. In each case, the MERC determined that the
Department of Mental Health was a joint employer and or-
dered an election to determine whether the workers wished to
be represented by the petitioner. The department appealed in
each case, and the appeals were consolidated.

The Court of Appeals *held:*

1. These cases are not subject to preemption under the
National Labor Relations Act, 29 USC 141 *et seq.*, and the
MERC has subject-matter jurisdiction in these cases. The state or
a political subdivision of the state, as an employer, does not
come within the purview of the NLRA. 29 USC 152(2). In
situations where an exempt employer exerts substantial control
over an otherwise nonexempt employer, the National Labor
Relations Board has declined to assert jurisdiction. Further,
where, as here, an arguable case for preemption exists and the
NLRB has declined jurisdiction in similar cases, the case need
not first be submitted to the NLRB for determination of the
preemption issue.

2. There is no merit to the petitioner's assertion that only
federal precedent may be considered in determining joint em-
ployer status for collective bargaining. The Supreme Court in

*St Clair Prosecutor v AFSCME,* 425 Mich 204 (1986), has endorsed use of Michigan precedent.
Affirmed.

*Webb, Hildebrandt & Paton, P.C.* (by *L. Rodger Webb* and *Alison L. Paton*), for the AFSCME.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Barbara A. Schmidt,* Assistant Attorney General, for the Department of Mental Health.

Before: Hood, P.J., and Jansen and A. T. Davis,* JJ.

Per Curiam. These consolidated cases arose when petitioner American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), petitioned to become the collective bargaining agent for direct care workers employed by nonprofit corporate respondents Cencare Corporation, Passages Community Services, and Community Residential Group, Inc. These respondents operate group homes for developmentally disabled adults. Implicit in the petition is the assertion that the targeted employees are public employees because the Michigan Department of Mental Health (MDMH) is a joint employer.

The Michigan Employment Relations Commission (MERC) assumed jurisdiction and found that the MDMH is a joint employer. Although this result was similar to decisions reached in prior MERC cases, the present case differed in that a different contract between the MDMH (by way of Wayne Community Living Services, an agency of the MDMH) and respondent providers was in effect. The MDMH contended that, under the new contract, the MERC should have found that the MDMH was not a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

joint employer. This did not happen. Instead, after comparing the revised contract to the old contract, the MERC determined that the revised contract was substantially the same as the prior one. The MDMH appeals as of right, and we affirm.

The MDMH first claims that the MERC lacked subject-matter jurisdiction to hear these cases because of preemption under the National Labor Relations Act (NLRA), 29 USC 141 *et seq.* We disagree. An employer that is a state or a political subdivision thereof does not come within the purview of the NLRA. 29 USC 152(2). The MDMH is an exempt employer. In situations where an exempt employer exerts substantial control over an otherwise nonexempt employer, the National Labor Relations Board (NLRB) has declined to assert jurisdiction. *AFSCME v Louisiana Homes, Inc,* 203 Mich App 213, 221; 511 NW2d 696 (1994). Further, where an arguable case for preemption exists, and the NLRB has declined jurisdiction in parallel situations, the case need not first be submitted to the NLRB for determination of the preemption issue. *Id.* at 219-220.

Applying *Louisiana Homes* to the present case, the MERC properly asserted jurisdiction because the NLRB had declined jurisdiction in parallel situations, and there was no requirement to submit the matter first to the NLRB for a determination of jurisdiction. *Id.*

The MDMH also claims that federal precedent should have been employed to determine whether the MDMH is a joint employer of the direct care workers. To support its position, the MDMH cites *AFSCME, Council 7 v Dep't of Health,* 78 Mich App 416; 260 NW2d 115 (1977). We note that *AFSCME, Council 7* was a case of first impression. At the time that case was analyzed and decided,

there was no Michigan precedent regarding the interpretation of joint employer under the Public Employees Relations Act (PERA). Accordingly, this Court examined federal interpretation of § 8(d) of the NLRA, 29 USC 158(d), along with Michigan precedent pertinent to related determinations. *AFSCME, Council 7, supra,* does not stand for the proposition that only federal precedent be followed in cases such as these. To the contrary, the Michigan Supreme Court, in *St Clair Prosecutor v AFSCME,* 425 Mich 204, 233; 388 NW2d 231 (1986), stated, "We are satisfied that the Court of Appeals has established sound precedent for the recognition of a coemployer status in collective bargaining." On the basis of this explicit endorsement of Michigan precedent, the MDMH's argument here is unavailing.

Affirmed.