# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIGAL CHATTAH, AN INDIVIDUAL,
Appellant,
vs.
BARBARA K. CEGAVSKE, IN HER
OFFICIAL CAPACITY AS NEVADA
SECRETARY OF STATE; AND JOHN T.
KENNEDY, AN INDIVIDUAL,
Respondents.

No. 85302

FILED

SEP 2 9 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for a preliminary injunction and application for a temporary restraining order in an action challenging a candidate's qualifications for the Office of Attorney General. First Judicial District Court, Carson City; James E. Wilson, Judge.[1]

Appellant is a candidate for Nevada attorney general, and in district court she moved for a preliminary injunction to enjoin respondent Secretary of State from including respondent John T. Kennedy's name on the November ballot as the Libertarian Party's attorney general candidate because Kennedy is not eligible for the office. The Secretary of State opposed the motion to the extent that appellant sought relief beyond what NRS 293.2045 permits when, as here, an elector files her challenge after the statutory deadline for revising the general election ballot. Following a non-

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-30593

evidentiary hearing,[2] the district court denied appellant's motion for a preliminary injunction and application for a temporary restraining order.

To obtain a preliminary injunction, the movant must "demonstrate that [she] has a reasonable likelihood of success on the merits and that, absent a preliminary injunction, [she] will suffer irreparable harm for which compensatory damages would not suffice." *Excellence Cmty. Mgmt. Gilmore*, 131 Nev. 347, 350-51, 351 P.3d 720, 722 (2015). "While the moving party need not establish certain victory on the merits, [she] must make a prima facie showing through substantial evidence that [she] is entitled to the preliminary relief requested." *Shores v. Glob. Experience Specialists, Inc.*, 134 Nev. 503, 507, 422 P.3d 1238, 1242 (2018); *see Coronet Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968) (observing that in the absence of testimony, exhibits, or documentary material to support a request for preliminary injunctive relief, such relief should be denied).

Having reviewed the record and considered the parties' arguments in light of these standards, the controlling law, and the type of relief appellant requested, we conclude that the district properly denied appellant's motion for a preliminary injunction. *Excellence Cmty. Mgmt.*, 131 Nev. at 351, 351 P.3d at 722 (recognizing that Nevada appellate courts will not reverse a district court decision denying preliminary injunctive relief unless the district court abused its discretion, applied an erroneous legal standard, or relied on clearly erroneous factual findings). Applying the preliminary injunction standards, the district court correctly

---

[2]The parties agreed to have the district court decide the matter on the briefing and arguments they made at district court conferences and without an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

determined that neither the statutes governing candidate challenges nor any other law or equity required Kennedy's name to be removed from the ballot after the statutory deadline for finalizing the ballots had passed.

The record supports the district court's conclusion that appellant failed to show a sufficient likelihood of success on the merits to justify the extent of relief sought (removal of Kennedy's name from the general election ballot or having county election officials include an insert with mail ballots regarding Kennedy's ineligibility for office). In particular, appellant did not timely challenge Kennedy's candidacy in accordance with governing statutes,[3] and thus her remedy was statutorily limited to signs posted at polling places to notify voters of Kennedy's disqualification.[4] NRS 293.2045(2) (providing that when a candidate's qualifications are challenged after "the statutory deadline for making changes to the ballot has passed," the appropriate remedy is to "post a sign at each polling place

---

[3]Appellant filed her challenge to Kennedy's candidacy 105 days after the statutory deadline for doing so, and 4 days after the statutory deadline for changing the ballot had passed.

[4]Appellant asked the court to afford a remedy the statute does not allow on the ground that the available remedy at this point (signage at polling places) is inadequate because voters using mail-in ballots will not see such signs. That issue, however, is beyond the scope of this appeal, which concerns only whether the district court abused its discretion in denying injunctive relief based on the statutory remedies presently available in preelection candidacy challenges, depending on when the challenge is made. See NRS 293.2045(1), (2).

where the person's name will appear on the ballot informing voters that the person is disqualified from entering upon the duties of the office");[5] *see* NRS 293.182(1) (providing a deadline for an elector to challenge a person's qualifications for an office); *see also* NRS 293.165(4) (stating, in the context of procedures to fill vacancies in nominations, that "[n]o change may be made on the ballot for the general election after 5 p.m. on the fourth Friday in July of the year in which the general election is held"); NRS 293.166(3) (same in the context of procedures to fill vacancies in certain nominations).

In reaching that conclusion, the district court properly rejected appellant's argument that it was the Secretary's burden to verify the qualifications of every person who submits a declaration of candidacy. Appellant's argument in that regard is based on an overreading of NRS 293.124(1), which provides that the Secretary "is responsible for the execution and enforcement of the provisions of title 24 of NRS and all other provisions of state and federal law relating to elections in this State." As the district court concluded, the statutory scheme contemplates that the Secretary will rely on the candidate's declaration, which is made under penalty of perjury and includes a representation that the candidate is qualified, *see, e.g.*, NRS 293.177, and provides that the Attorney General or

---

[5]In moving for a preliminary injunction, appellant did not seek relief in the form of signs at polling places, although NRS 293.2045(2) allows for such a remedy under the circumstances here. She likewise does not indicate in her appellate brief that she was challenging the district court's order on the basis that it did not enter a preliminary injunction requiring such signage. We therefore do not further address the issue.

District Attorney, not the Secretary, will investigate if an elector timely challenges a candidate's qualifications, *see* NRS 293.182 (making it incumbent on an elector to file a challenge within that statute's deadline).

As to the irreparable harm element, we perceive no abuse of discretion in the district court's determination that the harm alleged was speculative and could have been avoided by a timely challenge. *See Oakland Tribune, Inc. v. Chronicle Pub'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (concluding that a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"). Finally, we conclude that the district court did not abuse its discretion in finding that the relative hardships and public interest weighed against the preliminary injunctive relief sought, as the court appropriately considered appellant's interest in having voters decide between qualified candidates, the significant cost to taxpayers for the extra-statutory remedies appellant sought given her delay in challenging Kennedy's candidacy, and the Secretary of State's and public's interest in having electors timely comply with election statutes.[6] *Univ. and Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004) (recognizing that, in considering a preliminary injunction, courts also "weigh the potential hardships to the relative parties and others, and the public interest").

---

[6]Appellant's argument regarding hearsay evidence, assuming she raised this argument below, does not warrant reversal, particularly when appellant, as plaintiff, had the burden of making a prima facie case in support of the relief requested and she declined the opportunity to develop a factual record through an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

In sum, we conclude that the district court was within its discretion to deny appellant's request for preliminary injunctive relief, and we therefore

ORDER the judgment of the district court AFFIRMED.[7]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. James E. Wilson, District Judge
Joey Gilbert Law
Attorney General/Las Vegas
Gallian Welker & Beckstrom, LC/Las Vegas
Carson City Clerk

---

[7]The Honorable Abbi Silver, Justice, did not participate in the decision of this matter.